OPINION OF THE COURT
John S. Lockman, J.
Unopposed motion by plaintiff for a default judgment against defendant Joseph Panzarelli (hereinafter defendant) is denied.
Plaintiff rejected the unverified letter answer of the defendant, pro se, the day it was received and now seeks a default judgment based upon defendant’s default in answering. Plaintiff may treat an unverified pleading as a nullity, provided "he *460 gives notice with due diligence to the attorney of the adverse party that he elects to do so” (CPLR 3022).
For the purposes of this motion, it is assumed, arguendo, that CPLR 3022 applies in a case where the defendant is appearing pro se, and thus has no "attorney” upon whom a rejection notice may be served.
The rejection notice here, although timely served, was defective. "[I]f the aggrieved party chooses to treat the unverified pleading as a nullity, and timely serves the required notice on his adversary, said notice must particularize reasons why the verification is defective or, in its absence, why it is required” (State of New York v McMahon, 78 Misc 2d 388, 389). The notice served upon defendant failed to state why a verified answer was required, and thus was insufficient to justify return of the pleading. "Pleaders insisting upon strict compliance with the rules of practice must follow the same themselves” (Treen Motors Corp. v Van Pelt, 106 Misc 357, 361).
The letter/answer served by defendant also was sufficient in other respects. It contained a plain and concise statement of the material facts, sufficiently denied the allegations of the complaint and was subscribed with the name of the defendant. The absence of a statement of venue or title was not fatal (see, Edwards v La Quay, 20 Misc 2d 847, 848). In light of CPLR 3026, which directs defects to be ignored if a substantial right of a party is not prejudiced, the letter is deemed an answer and properly interposed in this action (see, Capital Newspapers Division-Hearst Corp. v Vanderbilt, 44 Misc 2d 542, 543-544).
Plaintiff is directed to serve a copy of the papers submitted on this motion upon defendant, with a copy of this order resolving the application in favor of defendant, as plaintiff failed to serve a copy of the papers prior to submission.