■ DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v DAVID N. HIGNER et al., Appellants, et al., Defendants. (Appeal No. 2.) [722 NYS2d 651] —Order unanimously reversed on the law without costs, motion granted and default judgment and foreclosure sale vacated. Memorandum: County Court erred in denying the motion of David N. Higner (defendant) to vacate the default judgment of foreclosure and the foreclosure sale of property located at 181 Glenhaven Road in the Town of Amherst. After being served with the summons and complaint in the foreclosure action, defendant attempted to reach his attorney by telephone. When he was unable to do so, he wrote a letter to plaintiff's attorney, denying the validity of plaintiff's claim and setting forth the defense that he had made payments for which no accounting had been provided. Defendant further stated in the letter that he has an attorney in this ac-

tion, and he instructed plaintiff's attorney to "direct all responses to his office." In our view, defendant's letter, which denied the allegations in the complaint and set forth a defense to the action, should have been deemed an answer (*see, Cook v Freight Force,* 139 Misc 2d 459, 460; *Bambergers Div. v Smith,* 91 Misc 2d 856, 858; *cf., Leone v Johnson,* 99 AD2d 567, 568). At the very least, the letter should have been deemed a notice of appearance, requiring notice to defendant of the application to seek a default judgment and the foreclosure sale (*see, Leader Fed. Bank for Sav. v Van Tienhoven,* 262 AD2d 1078). (Appeal from Order of Erie County Court, DiTullio, J.—Vacate Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hurlbutt and Burns, JJ.