[6 NYS3d 572]

ALAN PAULUS et al., Respondents, v CHRISTOPHER VACIRCA, INC., Defendant, and CHRISTOPHER VACIRCA, Appellant.

Second Department, April 8, 2015

---

**APPEARANCES OF COUNSEL**

*Robert S. Stone, Jr.*, Stony Brook, for appellant.

*Peter T. Roach & Associates, P.C.*, and *Mauro Lilling Naparty LLP*, Woodbury (*Caryn L. Lilling* of counsel), for respondents.

**OPINION OF THE COURT**

COHEN, J.

At issue on this appeal is whether the failure of a party to give notice of a motion for leave to enter a default judgment to a defendant who has previously appeared in the action entitles such defendant to vacatur of the default judgment. For the reasons set forth below, we hold that the failure to comply with the notice requirements of CPLR 3215 (g) (1) deprived the Supreme Court of jurisdiction to entertain the plaintiffs' motion for leave to enter a default judgment. Accordingly, the default judgment should have been vacated pursuant to CPLR 5015 (a) (4).

The defendant Christopher Vacirca (hereinafter the appellant) operated a home improvement company, the defendant Christopher Vacirca, Inc. The plaintiffs, Alan Paulus and Danielle Paulus, entered into a written home improvement contract with Christopher Vacirca, Inc., to remodel their home. Christopher Vacirca, Inc., completed work in July 2005. In September 2005, the plaintiffs allegedly experienced flooding that dam-

aged both their home and personal property. The plaintiffs commenced this action against both Christopher Vacirca, Inc., and the appellant in May 2006, asserting six causes of action to recover damages, inter alia, for breach of contract and negligence. On August 14, 2007, the plaintiffs obtained a default judgment against both Christopher Vacirca, Inc., and the appellant, which was entered upon their failure to appear or answer. However, on April 1, 2008, the Supreme Court vacated the August 2007 default judgment insofar as against the appellant on the ground that service had not been properly effected.

After further motion practice unrelated to the instant appeal, the appellant filed a pre-answer motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him. By order entered January 21, 2009, the Supreme Court directed the dismissal of five of the six causes of action insofar as asserted against the appellant. The court denied that branch of the appellant's motion which was to dismiss the remaining cause of action insofar as asserted against him, which sought to pierce the corporate veil and hold him personally liable for any judgment entered against Christopher Vacirca, Inc., with leave to renew that branch of the motion after discovery was completed. The court also directed the appellant to answer the complaint within 30 days.

When the appellant failed to answer the remaining cause of action as directed, the plaintiffs moved for and obtained a default judgment against him dated March 31, 2009 (hereinafter the March default judgment), in the principal sum of $27,647.10. The appellant then moved, inter alia, pursuant to CPLR 5015 to vacate the March default judgment on several grounds. In an affirmation in support of his motion, the appellant's attorney argued, in effect, that the failure to answer the remaining cause of action was excusable. In this regard, counsel maintained that based on his recollection of discussions held when the Supreme Court rendered its decision on the motion to dismiss the complaint, he believed that the plaintiffs were required to serve an amended complaint, and that the appellant had 30 days from service of such amended complaint to serve his answer. Counsel also argued that the appellant was entitled to vacatur of the March default judgment because the plaintiffs had failed to serve his attorney with five days' notice of their motion for leave to enter a default judgment as required by CPLR 3215 (g) (1).

In the order appealed from, the Supreme Court denied that branch of the appellant's motion which was to vacate the March default judgment. The court concluded that the appellant failed to establish his entitlement to relief pursuant to CPLR 5015 (a) (1) because he did not demonstrate the existence of a reasonable excuse for his failure to answer the complaint, and the existence of a meritorious defense. Relying upon a decision from the Appellate Division, Third Department, the court also found that the appellant was not entitled to vacatur of the default judgment pursuant to CPLR 5015 (a) (4) because "a plaintiff's failure to comply with the provisions of CPLR 3215 (g) does not render the resulting judgment a nullity and does not relieve a defendant seeking vacatur from demonstrating the required excuse and meritorious defense."

The Supreme Court properly concluded that the appellant was not entitled to vacatur of the March default judgment pursuant to CPLR 5015 (a) (1) because he failed to demonstrate a reasonable excuse for his underlying default arising from his failure to answer the remaining cause of action alleged in the complaint. Although the possible need to amend the remaining cause of action which sought to pierce the corporate veil of Christopher Vacirca, Inc., was discussed by the Supreme Court and the attorneys for the parties when the court rendered its decision on the appellant's motion to dismiss, the court clearly directed that an answer to that cause of action be served within 30 days. Thus, the appellant's claim that he was not required to serve an answer until after an amended complaint had been served is unsupported by the record, and his attorney's alleged misunderstanding in this regard does not constitute a reasonable excuse (*see Neilson v 6D Farm Corp.*, 123 AD3d 676 [2014]; *Borrie v County of Suffolk*, 88 AD3d 842, 843 [2011]; *White v Daimler Chrysler Corp.*, 44 AD3d 651, 652 [2007]; *Rodriguez v Ng*, 23 AD3d 450, 451 [2005]; *Everything Yogurt v Toscano*, 232 AD2d 604, 606 [1996]). Since the appellant did not demonstrate a reasonable excuse for his failure to answer the complaint, we need not consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see Cervini v Cisco Gen. Constr., Inc.*, 123 AD3d 1077 [2014]; *Cavalry SPV I, LLC v Frenkel*, 119 AD3d 724, 725 [2014]; *Manufacturers & Traders Trust Co. v Consolidated Constr. Group, LLC*, 114 AD3d 834 [2014]).

Although the appellant failed to demonstrate a basis to be relieved from his underlying default in serving an answer, we

nevertheless conclude that the March default judgment should have been vacated pursuant to CPLR 5015 (a) (4) because the plaintiffs' failure to provide notice of the motion for leave to enter a default judgment, as required by CPLR 3215 (g) (1), deprived the court of jurisdiction to entertain that motion.

CPLR 3215 (g) sets forth when and under what circumstances notice of an application, or motion as is the case here, for leave to enter a default judgment must be given. As relevant to this appeal, it provides that a defendant who appears in an action but subsequently defaults "is entitled to at least five days' notice of the time and place" of the motion for leave to enter a default judgment (CPLR 3215 [g] [1]). The requirement that an appearing defendant be given notice is consistent with the mandates of CPLR 2103 (e), which generally requires that a paper served on any party to a litigation also be served on a party who has appeared in the action whether or not such party has subsequently defaulted (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:18; *see also Kraus Bros. v Hoffman & Co.*, 99 AD2d 401, 402 [1984]). Providing such notice gives a defendant who has appeared in the action an opportunity to move to be relieved of his or her underlying default prior to the entry of judgment, as well as to raise objections to the sufficiency of the proof offered in support of the motion for leave to enter a default judgment and to the proposed judgment itself.

A defendant appears when, inter alia, he or she makes "a motion which has the effect of extending the time to answer," such as a motion to dismiss pursuant to CPLR 3211 (CPLR 320 [a]; *see Colbert v International Sec. Bur.*, 79 AD2d 448, 460 [1981]). Here, the appellant appeared through counsel when he moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him. Accordingly, it is clear that he was entitled to notice of the motion for leave to enter a default judgment pursuant to CPLR 3215 (g) (1) (*see* CPLR 2103 [e]; 3215 [g] [1]; *Walker v Foreman*, 104 AD3d 460, 460 [2013]; *cf. Kraus Bros. v Hoffman & Co.*, 99 AD2d at 402; *County of Westchester v Silva*, 7 Misc 3d 962, 964 n 2 [Sup Ct, Westchester County 2005]). Furthermore, since the appellant was represented by counsel, the motion papers were required to have been served upon his attorney pursuant to CPLR 2103 (b).

It is undisputed that the plaintiffs failed to give the appellant notice of the motion, which resulted in the March default judgment. However, the plaintiffs maintain that it was unnec-

essary for them to comply with the notice provision of CPLR 3215 (g) (1) because they gave the appellant notice pursuant to subdivision (g) (3) of the statute. We disagree. CPLR 3215 (g) (3) (i) provides that when a default judgment "based upon non-appearance is sought against a natural person in an action based upon nonpayment of a contractual obligation," that person is entitled to additional notice of the action, which is provided by mailing the summons to his or her place of residence. On its face, CPLR 3215 (g) (3) is inapplicable, since the additional notice it requires is to be provided to defendants who have never appeared in the action. Moreover, providing a defendant with an additional copy of the summons is not tantamount to providing notice of the time and place of the motion for leave to enter a default judgment, and thus does not suffice to satisfy the notice requirement of CPLR 3215 (g) (1).

A party is entitled to have a default judgment vacated pursuant to CPLR 5015 (a) (4) when the court lacked jurisdiction to render the judgment. The Court of Appeals recently examined what qualifies as a jurisdictional defect in *Manhattan Telecom. Corp. v H & A Locksmith, Inc.* (21 NY3d 200, 203 [2013]). In *Manhattan Telecom.*, the Court of Appeals was called upon to determine an issue that had divided the Appellate Division departments—whether a plaintiff's failure to file sufficient "proof of the facts constituting the claim" in support of a motion for leave to enter a default judgment, as required by CPLR 3215 (f), rendered the ensuing judgment a nullity. To satisfy this requirement, the plaintiff "need only allege enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]). In analyzing the issue of whether the failure to file sufficient proof of the facts rendered the ensuing judgment jurisdictionally defective, the Court of Appeals explained, relying upon its prior decision in *Lacks v Lacks* (41 NY2d 71, 74-75 [1976]):

> "the word 'jurisdiction' is often loosely used. But in applying the principle 'that a judgment rendered without subject matter jurisdiction is void, and that the defect may be raised at any time and may not be waived', it is necessary to understand the word in its strict, narrow sense. So understood, it refers to objections that are 'fundamental to the power of adjudication of a court'. 'Lack of jurisdiction' should not be used to mean merely 'that elements of a cause of action are absent', but that the matter

before the court was not the kind of matter on which the court had power to rule" (*Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d at 203 [citations omitted], quoting *Lacks v Lacks*, 41 NY2d at 75, 74). Applying these principles, the Court of Appeals concluded that the failure to provide sufficient proof of the facts constituting the claim was not "so fundamental that it deprived the court of power to enter the judgment, rendering the judgment a nullity whether [the defendant's] default was excusable or not" (*Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d at 203). In support of its conclusion, the Court of Appeals reasoned that while the failure to submit the proof required by CPLR 3215 (f) "should lead a court to deny an application for a default judgment," a court that does not comply with that rule has merely committed an error and has not usurped a power it does not have (21 NY3d at 203-204). Accordingly, such error can be corrected by a motion for relief from the judgment pursuant to CPLR 5015 (a) (1).

The question of whether vacatur of the default judgment pursuant to CPLR 5015 (a) (4) is appropriate where the moving party fails to notify the defendant of its motion for leave to enter a default judgment as provided by CPLR 3215 (g) (1) is one of first impression in this Court. Under CPLR 5015 (a) (4), a rendering court may relieve a moving party of such a judgment if it lacked the jurisdiction to render it in the first place. Here, it is uncontested that the Supreme Court had personal jurisdiction over the appellant, as well as jurisdiction over the subject matter in this case. However, for the reasons set forth below, we hold that the failure of the plaintiffs to give notice to the appellant of their motion for leave to enter a default judgment pursuant to CPLR 3215 (g) (1) deprived the Supreme Court of jurisdiction to entertain the motion, and the court should have vacated the default judgment pursuant to CPLR 5015 (a) (4).

We note that the First, Third, and Fourth Departments have addressed the issue of vacating a default judgment for an appearing party who received no notice of the motion for leave to enter a default judgment, but with varying results. In *Fleet Fin. v Nielsen* (234 AD2d 728 [1996]), upon which the Supreme Court relied in denying the appellant's motion, the Appellate Division, Third Department, concluded that the failure to provide notice in accordance with CPLR 3215 (g) did not, standing alone, warrant vacatur of a default judgment. In that case,

the defendant homeowners informally appeared in a foreclosure action by exchanging correspondence with the plaintiff's attorney, but did not answer. The plaintiff obtained a default judgment of foreclosure and sale, and the defendants' home was sold at a foreclosure sale. The defendants subsequently moved to vacate the judgment pursuant to CPLR 5015 (a) (4), arguing that the judgment was jurisdictionally defective because the plaintiff had failed to provide them with five days' notice of the time and place of the motion for leave to enter a default judgment as required by CPLR 3215 (g) (1), and had also failed to comply with the additional notice requirement of CPLR 3215 (g) (3). The Third Department rejected the defendants' contention that the failure to give notice automatically warranted vacatur of the default judgment, reasoning that the lack of notice should not constitute a fatal defect where the defendant could not show the existence of a meritorious defense. The Third Department adhered to this rationale in *Fish v Fish* (251 AD2d 942 [1998]), a matrimonial action in which the wife appeared, but defaulted by failing to serve an answer. The Third Department stated that while the defendant correctly claimed that she did not receive notice of the default proceedings pursuant to CPLR 3215 (g) (3), "this failure, without more, does not mandate vacatur of the default judgment," and that despite the relaxed requirements for vacating default judgments in matrimonial actions, the defendant was nevertheless required to show a valid excuse for her default, a meritorious defense, and the absence of willfulness (251 AD2d at 943). Since the defendant failed to satisfy this standard, the Third Department concluded that her motion to vacate the default judgment had been properly denied.

The Appellate Division, First Department, took a different approach in *Walker v Foreman* (104 AD3d 460 [2013]). In that case, the Supreme Court granted the defendant's motion pursuant to CPLR 3126 to strike the plaintiff's pleadings for failure to comply with discovery orders. After an inquest, the defendant obtained a judgment in his favor, and against the plaintiff, in the principal sum of $116,530. The plaintiff appealed from both the order granting the defendant's motion to strike his pleadings, and the ensuing judgment. The First Department affirmed the order, concluding that the Supreme Court had providently exercised its discretion in striking the plaintiff's pleadings based upon his intentional and unexcused failure to comply with discovery orders. However, the First

Department reversed and vacated the judgment, reasoning that "as an appearing party whose pleadings were stricken, plaintiff was entitled to five days notice of the inquest . . . The failure to give such notice requires a new inquest, on proper notice" (*id.* at 460).

The Appellate Division, Fourth Department, has also given some measure of relief to parties based upon the failure to comply with the notice requirement of CPLR 3215 (g) (1). In *Chrysler First Fin. Servs. Corp. of Am. v Burse* (210 AD2d 947, 947 [1994]), the Fourth Department concluded that the Supreme Court should have vacated a default judgment against a defendant "based on plaintiff's failure to comply with the five-day notice requirement of CPLR 3215 (g) (1)." Subsequently, in *Leader Fed. Bank for Sav. v Van Tienhoven* (262 AD2d 1078 [1999]), the Fourth Department, relying upon the Third Department's decision in *Fleet Fin.*, concluded that the failure to provide five days' notice of the motion for leave to enter a default judgment to the defendant homeowners in a foreclosure action did not, by itself, warrant vacatur of the default judgment. However, the Fourth Department concluded that the foreclosure sale of the defendants' property should be vacated because "the lack of notice of the foreclosure sale deprived defendants of an opportunity to protect their interest in the property" (*id.* at 1078). Thereafter, in *Dime Sav. Bank of N.Y. v Higner* (281 AD2d 895 [2001]), the Fourth Department concluded that a defendant homeowner's motion to vacate both a default judgment and a foreclosure sale should have been granted. In that case, the Fourth Department concluded that the defendant's pro se letter to the plaintiff's attorney should have been deemed an answer, or, at the very least, a notice of appearance requiring notice to the defendant of the motion for leave to enter a default judgment and the foreclosure sale. In later cases, the Fourth Department has held that the failure to comply with the notice requirement of CPLR 3215 (g) (1) deprives the court of jurisdiction to entertain a motion for leave to enter a default judgment, rendering the ensuing judgment null (*see Nowak v Oklahoma League for Blind*, 289 AD2d 995 [2001]), and that a motion for leave to enter a default judgment made without providing the required notice is defective, requiring vacatur of the judgment (*see Curto v Diehl*, 87 AD3d 1374 [2011]).

While this Court has not addressed this precise issue, we have held that improper service of a motion provides a complete

excuse for default on a motion and deprives the court of jurisdiction to entertain the motion (see *Crown Waterproofing, Inc. v Tadco Constr. Corp.*, 99 AD3d 964, 965 [2012]; *Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]). This Court has also held that the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015 (a) (4) (see *Financial Servs. Veh. Trust v Law Offs. of Dustin J. Dente*, 86 AD3d 532, 533 [2011]). The failure to provide proper notice of a motion can readily be viewed as a fundamental defect because it deprives the opposing party of a fair opportunity to oppose the motion.

This rationale applies with equal force to a plaintiff's failure to give a defendant who has previously appeared notice of its motion for leave to enter a default judgment. Here, the appellant has failed to demonstrate a basis to be relieved of his underlying default in failing to answer the complaint. Nevertheless, we conclude that vacatur of the judgment itself is warranted because the plaintiffs' failure to provide the appellant with notice of the motion for leave to enter a default judgment as required by CPLR 3215 (g) (1) deprived him of both an opportunity to oppose entry of the judgment by contesting the sufficiency of the facts filed in support of the motion, and an opportunity to challenge the amount of damages sought by the plaintiffs.

The significance of providing a defendant who has appeared in an action with notice of a motion for leave to enter a default judgment is illustrated by the Court of Appeals' decision in *Manhattan Telecom*. As we have noted, the Court of Appeals held in that case that while the failure to submit the proof of facts required by CPLR 3215 (f) should lead a court to deny a motion for leave to enter a default judgment in the first instance, a court's failure to do so is merely an error that does not render the judgment jurisdictionally defective. Thus, once a default judgment has been entered, a defendant may no longer challenge it on the ground that the proof of facts filed by the plaintiff was insufficient to demonstrate that the plaintiff possesses a viable cause of action. A plaintiff's failure to provide a defendant who has appeared in the action with the statutorily required notice of a motion for leave to enter a default judgment therefore deprives the defendant of an opportunity to timely raise the issue of whether the motion for leave to enter

a default judgment is supported by sufficient proof of facts, and point out any perceived deficiencies. In this regard, it should be kept in mind that a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action (*see McGee v Dunn*, 75 AD3d 624 [2010]; *Resnick v Lebovitz*, 28 AD3d 533, 534 [2006]; *Matter of Dyno v Rose*, 260 AD2d 694, 698 [1999]; *Green v Dolphy Constr. Co.*, 187 AD2d 635 [1992]; *see also Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [2010]; *Venturella-Ferretti v Ferretti*, 74 AD3d 792, 793 [2010]).

Furthermore, while a defendant who has defaulted admits all traversable allegations in the complaint, including the basic allegation of liability, the defendant does not admit the plaintiff's conclusion as to damages (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *Abbas v Cole*, 44 AD3d 31, 33 [2007]). Accordingly, where a judgment against a defaulting defendant is sought by motion to the court, the defendant is entitled, at an inquest, to determine damages, cross-examine witnesses, give testimony, and offer proof in mitigation of damages (*see Rokina Opt. Co. v Camera King*, 63 NY2d at 730; *Rawlings v Gillert*, 104 AD3d 929, 931 [2013]). It appears to have been the denial of this right, based on lack of notice, that led the First Department to vacate the judgment entered against the plaintiff in *Walker v Foreman*, and direct a new inquest on proper notice.

For these reasons, we hold that the failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215 (g) (1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment. While this defect requires vacatur of the judgment, it does not, standing alone, entitle the appellant to be relieved of the underlying default upon which judgment is sought, and to defend the action on the merits (*see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 224-225 [2011]). Since the appellant has failed to establish a basis to be relieved from his underlying default in failing to answer, that underlying default remains intact. Accordingly, the appellant is entitled only to statutory notice of any future motion for leave to enter a default judgment. Upon such a future motion, the appellant

may not seek to relitigate the issue of whether he is entitled to be relieved of his underlying default in failing to answer. Rather, as relevant to this case, the appellant may oppose entry of a default judgment to the limited extent of contesting the sufficiency of the proof of facts submitted by the plaintiffs in support of the motion, and contesting damages.

The parties' remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be addressed in light of our determination.

Accordingly, the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Christopher Vacirca which was pursuant to CPLR 5015 to vacate the judgment dated March 31, 2009, entered upon his failure to answer, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from.

AUSTIN, J.P., SGROI and HINDS-RADIX, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Christopher Vacirca which was pursuant to CPLR 5015 to vacate the judgment dated March 31, 2009, entered upon his failure to answer, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.