*646 OPINION OF THE COURT
Francois A. Rivera, J.
Ex parte application of plaintiff, NYCTL 2014-A Trust and The Bank of New York Mellon as collateral agent and custodian (hereinafter NYCTL 2014-A or the plaintiff), filed on August 16, 2016, for an order: (1) granting a default judgment against all defendants pursuant to CPLR 3215, and (2) appointing a referee to compute pursuant to RPAPL 1321.
Background
On May 8, 2015, NYCTL 2014-A commenced the instant foreclosure action by filing a summons, complaint and a notice of pendency with the Kings County Clerk’s Office. On January 13, 2016, NYCTL 2014-A filed a motion for an order granting default judgment and to appoint a referee to compute the amount due (hereinafter the first motion). On January 22, 2016, NYCTL 2014-A withdrew the first motion.
Law and Application
A motion for an order of reference is a preliminary step toward obtaining a default judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2d Dept 2015]; see also RPAPL 1321 [1]).
CPLR 3215 (g) sets forth when and under what circumstances notice of an application or motion for leave to enter a default judgment must be given. It provides that any defendant who has appeared in an action but subsequently defaults “is entitled to at least five days’ notice of the time and place” of the motion for leave to enter a default judgment (CPLR 3215 [g] [1]). It further provides, as relevant to the instant motion, that if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise.
The failure of the plaintiff to give notice to the defendants of its motion for leave to enter a default judgment pursuant to CPLR 3215 (g) (1) deprives the Supreme Court of jurisdiction to entertain the motion (Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2d Dept 2015]).
The failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015 (a) (4) (id. at 125, citing Financial Servs. Veh. Trust v Law Offs. of Dustin J. Dente, 86 AD3d 532, 533 [2d Dept 2011]). *647 The failure to provide proper notice of a motion can readily be viewed as a fundamental defect because it deprives the opposing party of a fair opportunity to oppose the motion (Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2d Dept 2015]).
In support of the motion, NYCTL 2014-A submits an affidavit of service which states that on June 9, 2015 the defendant 774 Properties was served via the Secretary of State. NYCTL 2014-A alleges that 774 Properties has not answered or otherwise appeared in the action. The first motion for a default judgment was made within one year of the defendants’ alleged default. However, that motion was withdrawn. The instant motion was made more than a year after the alleged default. Under these circumstances, and in accordance with CPLR 3215 (g) (1), the instant motion for a default judgment may not be made ex parte. The movant, by its determination to move ex parte, has deprived the court of jurisdiction to entertain the motion (Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2d Dept 2015]).
Conclusion
NYCTL 2014-A Trust and The Bank of New York Mellon as collateral agent and custodian’s ex parte application for an order granting a default judgment against all defendants pursuant to CPLR 3215 is denied without prejudice.
NYCTL 2014-A Trust and The Bank of New York Mellon as collateral agent and custodian’s ex parte application for an order appointing a referee to compute pursuant to RPAPL 1321 is denied.