Citimortgage, Inc. v Reese (2018 NY Slip Op 04527)





Citimortgage, Inc. v Reese


2018 NY Slip Op 04527


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-04494
 (Index No. 22701/09)

[*1]Citimortgage, Inc., etc., respondent, 
v
Karen Reese, appellant, et al., defendants.


Scott A. Conlon, Greenvale, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karen Reese appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 4, 2015. The order, insofar as appealed from, in effect, denied that branch of the motion of the defendant Karen Reese which was to vacate an order of reference of the same court entered January 6, 2014, and denied that branch of her motion which was to vacate a judgment of foreclosure and sale of the same court entered May 11, 2015.
ORDERED that the order entered November 4, 2015, is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Karen Reese which were to vacate the order of reference entered January 6, 2014, and the judgment of foreclosure and sale entered May 11, 2015, are granted.
In November 2009, the plaintiff commenced this action against Karen Reese (hereinafter the defendant), among others, to foreclose a mortgage on property located in Nassau County. The defendant failed to appear or answer the complaint. By order entered January 6, 2014, the Supreme Court granted the plaintiff's motion for an order of reference and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The court subsequently, upon the plaintiff's motion, entered a judgment of foreclosure and sale on May 11, 2015.
By order to show cause dated August 17, 2015, the defendant moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale. The defendant alleged, among other things, that the plaintiff failed to serve her with the papers in support of its motions for an order of reference and for a judgment of foreclosure and sale. The plaintiff opposed the defendant's motion. By order entered November 4, 2015, the Supreme Court, inter alia, denied those branches of the defendant's motion which were to vacate the order of reference and the judgment of foreclosure and sale. The defendant appeals, and we reverse the order insofar as appealed from.
The defendant was entitled to notice of the plaintiff's motions for an order of reference and for a judgment of foreclosure and sale pursuant to CPLR 3215(g)(1), which provides, [*2]in relevant part, that such notice to a defendant who has not appeared is required "if more than one year has elapsed since the default." Here, the defendant defaulted in November 2009, and the plaintiff moved for an order of reference in March 2013, more than three years later. Contrary to the plaintiff's contention, the issue of its failure to comply with CPLR 3215(g)(1) may be raised for the first time on appeal (see Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523; VNB N.Y., LLC v Y.M. Intercontinental Gem Corp., 154 AD3d 903, 906). The failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906, 907; Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 117).
Accordingly, since the Supreme Court lacked jurisdiction to entertain the plaintiff's motions, it should have granted those branches of the defendant's motion which were to vacate the order of reference and the judgment of foreclosure and sale (see Paulus v Christopher Vacirca, Inc., 128 AD3d at 126).
In view of our determination, we do not reach the defendant's remaining contentions.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court