Diagnostic Medicine, P.C., as Assignee of Georgeann Brown and John Hodge, Appellant,
against
Auto One Insurance Company, Respondent.




Law Office of David O'Connor, LLC (David O'Connor and Sara Diamond of counsel), for appellant.
Picciano & Scahill, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered October 4, 2017. The order granted the branch of defendant's motion seeking to vacate a judgment of that court entered March 24, 2016 upon defendant's failure to appear for trial, and provided for the filing of a new notice of trial and the restoration of the matter to the trial calendar.




ORDERED that the order is modified by striking the provisions therein for the filing of a new notice of trial and restoration of the matter to the trial calendar; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant served an answer to the complaint, but failed to appear for trial on June 4, 2015. The Civil Court referred the matter to the inquest clerk. Plaintiff's attorney signed a proposed judgment on March 23, 2016. An affidavit of service, which was executed by plaintiff's employee, stated that "judgment papers," apparently including the proposed judgment, were served upon defendant's attorney on March 23, 2016. A default judgment awarding plaintiff the principal sum of $6,155.90 was entered the following day, on March 24, 2016.
Defendant moved to, among other things, stay the execution and/or enforcement of the judgment and to vacate the judgment on the grounds that the Civil Court lacked jurisdiction to [*2]enter a judgment (see CPLR 5015 [a] [4]) and that defendant had a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]). Plaintiff opposed defendant's motion. By order entered October 4, 2017, the Civil Court granted the branch of defendant's motion seeking relief pursuant to CPLR 5015 (a) (1), finding that defendant had established an excusable default and a potentially meritorious defense to the action. The order vacated the judgment, provided for plaintiff's filing of a new notice of trial and directed the clerk of the court to restore the matter to the trial calendar and notify the parties of the new trial date.
A defendant which appears in an action, but subsequently defaults "is entitled to at least five days' notice of the time and place" of an application to the court or the clerk for leave to enter a default judgment (CPLR 3215 [g] [1]; see Paulus v Christopher Vacirca, Inc., 128 AD3d 116 [2015]). In the case at bar, plaintiff's application for the entry of the judgment was dated March 23, 2016 and apparently served on defendant on March 23, 2016. The judgment was entered the following day. While a court may, upon such a default, dispense with the notice requirement (see CPLR 3215 [g] [1]), there is no indication in the record before us that the Civil Court had exercised such discretion. Plaintiff's failure to give defendant notice as required by CPLR 3215 (g) (1) deprived the court of jurisdiction to entertain plaintiff's application to enter the judgment (see Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924 [2019]; Deutsche Bank Natl. Trust Co. v Gavrielova, 130 AD3d 674 [2015]; Paulus, 128 AD3d at 126) and warrants the vacatur of the judgment. However, where a judgment is vacated due to a jurisdictional defect of improper notice, such a defect "does not, standing alone, entitle [defendant] to be relieved of the underlying default upon which judgment is sought, and to defend the action on the merits" (Paulus, 128 AD3d at 126). 
Here, the Civil Court went beyond just vacating the default judgment; rather, it relieved defendant of the underlying default upon granting the branch of defendant's motion seeking relief pursuant to CPLR 5015 (a) (1). The court found that defendant had proffered a reasonable excuse for its default and a potentially meritorious defense to the action, and its order provided for the action to be restored to the trial calendar. Upon the record before us, we find, contrary to the determination of the Civil Court, that defendant's bald, unsupported denial of receiving notices of trial or any other pertinent notices from plaintiff was insufficient to establish an excusable default. In the absence of a reasonable excuse, it is unnecessary to consider whether defendant demonstrated the existence of a potentially meritorious defense to the action so as to warrant the restoration of the action to the calendar.
Accordingly, the order is modified by striking the provisions therein for the filing of a new notice of trial and restoration of the matter to the trial calendar. 
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019