Flagstar Bank, FSB v Powers (2025 NY Slip Op 01610)

Flagstar Bank, FSB v Powers

2025 NY Slip Op 01610

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-04552 
2023-05250
 (Index No. 878/20)

[*1]Flagstar Bank, FSB, respondent, 
v
Andrew Powers, defendant, Belinda Callahan, appellant.

Drake Loeb PLLC, New Windsor, NY (Michael J. Barfield of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Belinda Callahan appeals from (1) an order of the Supreme Court, Orange County (Elena Goldberg-Velazquez, J.), dated March 7, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered March 9, 2023. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and, in effect, sua sponte, directed entry of a default judgment against the defendant Belinda Callahan. The order and judgment of foreclosure and sale, upon the order, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, so much of the order as, in effect, sua sponte, directed entry of a default judgment against the defendant Belinda Callahan is vacated, and the order is modified accordingly; and it is further,
ORDERED that the defendant Belinda Callahan is awarded one bill of costs.
The appeal from the order must be dismissed as a portion of the order was made sua sponte (see CPLR 5701[a][2]) and any possibility of direct appeal from the order terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In 2020, the plaintiff commenced this action to foreclose a mortgage executed by the defendants, Andrew Powers and Belinda Callahan, on certain real property they owned together in Orange County. Neither Powers nor Callahan answered the complaint.
In February 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. On March 17, 2022, Callahan filed a notice of [*2]appearance that was purportedly served on the plaintiff in 2020. In an order dated March 31, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion. Subsequently, the plaintiff moved for leave to renew its motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. By order dated June 27, 2022, the court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Powers and for an order of reference.
The plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In opposition, Callahan asserted that the plaintiff's motion should be denied because while the Supreme Court had determined that a default judgment should be entered against Powers, the court had made no such determination as to Callahan. In its reply papers, for the first time on its motion to confirm the referee's report and for a judgment of foreclosure and sale, the plaintiff asserted that Callahan was in default, as she failed to timely appear or answer the complaint. By order dated March 7, 2023, the court granted the plaintiff's motion and, in effect, sua sponte, directed entry of a default judgment against Callahan. In an order and judgment of foreclosure and sale entered March 9, 2023, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. Callahan appeals.
"Pursuant to CPLR 3215(g)(1), 'whenever application [for judgment by default] is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise'" (Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924, 925, quoting CPLR 3215[g][1]; see Bank of N.Y. Mellon v Cean, 204 AD3d 877, 878). "[T]he failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215(g)(1), like the failure to provide proper notice of other kinds of motions, is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). As such, "'the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities'" (Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d at 125; see Citimortgage, Inc. v Reese, 162 AD3d 847, 848).
Here, the plaintiff, in moving to confirm the referee's report and for a judgment of foreclosure and sale, did not seek leave to enter a default judgment against Callahan. The Supreme Court determined that Callahan was in default, treated the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale as seeking leave to enter a default judgment against Callahan, and, without providing notice to Callahan, in effect, sua sponte, directed entry of a default judgment against her. Callahan was entitled to such notice, as one year had passed since Callahan failed to answer the complaint (see CPLR 3215[g][1]; Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 876-877; Paulus v Christopher Vacirca, Inc., 128 AD3d at 120). Thus, Callahan lacked proper notice that a default judgment could be entered against her (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d at 876-877).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, vacate so much of the order dated March 7, 2023, as, in effect, sua sponte, directed entry of a default judgment against Callahan, and modify that order accordingly.
In light of our determination, the plaintiff's remaining contentions need not be reached.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court