Nicholson Carpentry Inc. v Karol (2025 NY Slip Op 51740(U))

[*1]

Nicholson Carpentry Inc. v Karol

2025 NY Slip Op 51740(U)

Decided on October 31, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2025
Supreme Court, Westchester County

Nicholson Carpentry Inc., Plaintiff,

against
Benjamin Karol and STEPHANIE KAROL, Defendants.

Index No. 66122/2024

Attorney for Plaintiff:
Wayne H. Spector, Esq. 
Law Office of Wayne H. Spector
360 Hamilton Avenue, 10th Floor
White Plains, NY 10601
(914) 428-0505
Attorney for Defendants:
Stephen A. Cerrato, Esq.
Cerrato McGoey Law Firm
700 White Plains Road, Suite 381
Scarsdale, NY 10583
(914) 476-6272

William J. Giacomo, J.

In this underlying action alleging breach of contract, defendants move by order to show cause, pursuant to CPLR Section 5015, to vacate the default judgment entered against defendants on May 15, 2025. They also move for an order staying the enforcement of the judgment entered on June 12, 2025 and permitting defendants to file a late answer. In the alternative, defendants request an inquest on damages.
Papers Considered NYSCEF Doc. No. 16-28
1. Proposed Order to Show Cause/Affirmation in Support of Stephen A. Cerrato, Esq. Exhibits A-G
2. Signed Order to Show Cause
3. Affirmation of James Nicholson in Opposition/ Affirmation of Wayne H. Spector, Esq. in Opposition
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff commenced this action by filing a summons and complaint on July 26, 2024. The complaint alleges that plaintiff and defendants entered into a contract for plaintiff to perform renovations to the defendants' residence. According to the complaint, plaintiff completed all the work agreed to by the parties, for which there remains an outstanding balance since September 18, 2023 in the sum of $17,580.00. Plaintiff moved for default judgment on April 2, 2025. This unopposed motion was granted. Judgment was entered on June 12, 2025 in the amount of $20,782.74. 
Defendants now move to vacate the default judgment. Counsel states that it was retained by defendants in August of 2024. However, due to an inadvertent error, the law firm never filed a notice of appearance or an answer. Counsel alleges that it spoke to Julius Cohn, Esq., who was plaintiff's counsel at the time, and advised him that defendants were represented. The parties then engaged in settlement discussions. Mr. Cohn allegedly verbally agreed to the extension of time to answer. However, after these discussions, Mr. Cohn evidently retired and was relieved as counsel. Although new counsel was allegedly aware of defendants' representation, new counsel never reached out to defense counsel or advised it that plaintiff was moving for default. Defense counsel claims that it was unaware that Mr. Cohn had retired. During the same time, defense counsel was changing over to a new firm and installing new computer systems. Counsel avers that it inadvertently failed to calendar a notice of appearance and/or answer. Further, counsel was unaware of the default until notified by defendants on July 17, 2025. Shortly after, defendants filed the instant order to show cause. 
In light of above, according to defendants, the default should be vacated due to law office failure, which constitutes a reasonable excuse. In addition, defendants have allegedly demonstrated a meritorious defense to the action. In opposition to the motion, defendants Benjamin Karol and Stephanie Karol submit an affirmation stating that plaintiff never completed the work that was contracted for. They also allege that they had to pay to correct plaintiff's work. Defendants submitted the four page letter they sent to Julius Cohn, Esq. on July 7, 2024. The letter states the following, in relevant part:
"We have received your letter dated June 26, 2024, regarding our renovation with Nicholson Carpentry LLC. Nicholson Carpentry LLC has not completed all the work per the contract. The town will not provide a Certificate of Occupancy based on certain work not completed. We have been in correspondence throughout time with Mr. Nicholson about some of the major items, some of which we had to contact others to complete."
Defendants listed the items in the contract that were required but allegedly not provided. They requested Mr. Cohn respond and advise them how to proceed.
Defendants argue that permitting them to file a late answer and litigating the matter on the merits would not cause any prejudice to either party. They submit a proposed answer and [*2]counterclaim with their motion papers. 
Defendants also argue that the motion for default judgment was jurisdictionally defective pursuant to CPLR 3215 (g) (1). According to defendants, once a defendant has appeared, even informally, they must receive notice before a default judgment can be entered. However, in this case, although plaintiff's counsel was aware of defendants' representation, plaintiff failed to serve defendants or the law firm with the motion prior to taking a default. Defendants submit an email dated August 12, 2024 which sets forth the following: "Mr. Cohn, we represent the defendants in the above matter. I had left a voice message earlier. Kindly call me to discuss this matter at your earliest convenience."
In opposition, plaintiff argues that the Court should deny the motion. According to plaintiff, there is no reasonable excuse for the default. As there was no appearance in the action, plaintiff complied with CPLR 3215 (g) (3) (i) and mailed defendants an additional notice of the complaint. Defendants received this notice in March of 2025. However, defendants waited to make this motion until after the default was granted. The President of Nicholson Carpentry also submitted an affidavit in opposition, stating that plaintiff performed all work pursuant to the contract. 
DISCUSSION
Default Judgment
"Under CPLR 5015 (a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order." Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 (2003). CPLR § 5015 (a) (1) sets forth that the Court may vacate a default judgment upon the ground of excusable default. CPLR § 5015 (a) (4) provides that the court may relieve a party from a judgment upon the ground of "lack of jurisdiction to render the judgment or order." 
Notice Requirement
Pursuant to CPLR 3215 (g) (1), as relevant here,
"[W]henever application [for default judgment] is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise."
Pursuant to CPLR 3215 (g) (3) (i),
"When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend 'personal and confidential' and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt."
Here, although there was no formal answer submitted, defendants reached out to plaintiff's counsel and advised him that they were disputing the charges. Although this was prior to when the [*3]actual complaint was filed, the record indicates that shortly after the complaint was filed, defense counsel advised plaintiff's counsel that defendants had representation. Defense counsel states that the parties attempted settlement negotiations. The Court finds that defendants' letter to the plaintiff's counsel refuting plaintiff's claims and setting forth their own defenses and counterclaims should have been considered at least an appearance in the action. "Accordingly, it is clear that he was entitled to notice of the motion for leave to enter a default judgment pursuant to CPLR 3215 (g) (1)." Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 120 (2d Dept 2015) (internal citations omitted). Further, the record indicates that plaintiff's counsel was aware, from the beginning of litigation, that defendants had representation. As a result, "since [defendants] were represented by counsel, the motion papers were required to have been served upon [their] attorney pursuant to CPLR 2103(b)." Id.
Here, however, it is undisputed that plaintiff failed to serve defendants or counsel with notice of the motion for default. Plaintiff argues that it complied with the notice provision CPLR 3215 (g) (3) (i), which requires plaintiff to provide defendants with an additional notice of the action. However, that section is "inapplicable, since the additional notice it requires is to be provided to defendants who have never appeared in the action. Moreover, providing a defendant with an additional copy of the summons is not tantamount to providing notice of the time and place of the motion for leave to enter a default judgment, and thus does not suffice to satisfy the notice requirement of CPLR 3215 (g) (1)." Id. at 121.
The Appellate Division, Second Department has found that a default judgment should be vacated pursuant to CPLR 5015 (a) (4), where, like here, plaintiff failed to give notice to the defendants of its motion for leave to enter a default judgment pursuant to CPLR 3215 (g) (1). The Court explained that "the failure to comply with the notice requirements of CPLR 3215 (g) (1) deprived the Supreme Court of jurisdiction to entertain the plaintiffs' motion for leave to enter a default judgment." Id. at 117. Accordingly, the same defect in the instant case "requires vacatur of the judgment." Id. at 126. See Id. at 125 ("vacatur of the judgment itself is warranted because the plaintiffs' failure to provide the appellant with notice of the motion for leave to enter a default judgment as required by CPLR 3215 (g) (1) deprived him of both an opportunity to oppose entry of the judgment by contesting the sufficiency of the facts filed in support of the motion, and an opportunity to challenge the amount of damages sought by the plaintiffs").
While the jurisdictional defect "requires vacatur of the judgment, it does not, standing alone, entitle the appellant to be relieved of the underlying default upon which judgment is sought, and to defend the action on the merits." Id. at 126. However, as set forth below, the Court finds that defendants have established "a basis to be relieved from [their] underlying default in failing to answer . . . ." Id. 
"In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action." Jong Gwon Kim v Strippoli, 144 AD3d 982, 983 (2d Dept 2016). Further, pursuant to CPLR 3012 (d), in relevant part, a court may compel acceptance of an untimely pleading "upon such terms as may be just and upon a showing of reasonable excuse for delay or default." Id. "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion." Young Su Hwangbo v Nastro, 153 AD3d 963, 965 (2d Dept 2017). Relevant factors include: "the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits." Id. at 965 (internal quotation marks omitted). Under certain circumstances, "[d]ocumented [*4]law office failure may constitute a reasonable excuse." Id. 
Here, the Court finds that the defendants' failure to file an answer was not willful, and the proffered excuse of law office failure, under the circumstances as presented above, was reasonable. See Parker v City of New York, 272 AD2d 310, 311 (2d Dept 2000) (internal citation omitted) ("The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court, and in exercising that discretion the trial court may accept law-office failure as an excuse"). Further, defendants' affirmations, letter to counsel and other submissions are adequate to demonstrate a meritorious cause of action. See e.g. Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 (2d Dept 2011) ("Here, defense counsel provided a detailed and credible explanation for his failure to submit opposition papers on the return date . . . [and] demonstrated a potentially meritorious opposition to the motion . . ..").
Accordingly, defendants' motion to vacate the default judgment granted on May 15, 2025 and entered on June 12, 2025, is granted. Plaintiff is also compelled to accept the proposed answer and counterclaim, as submitted under NYSCEF Doc. No. 21, which is deemed timely and valid.
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court, notwithstanding the specific absence of reference thereto.
CONCLUSION
Accordingly, it is hereby,
ORDERED that defendants Benjamin Karol and Stephanie Karol's motion, brought by order to show cause, to vacate the default judgment granted on May 15, 2025 and entered on June 12, 2025, is granted; and it is further
ORDERED that the clerk is directed to vacate the default judgment accordingly; and it is further
ORDERED that defendants' answer and counterclaim is deemed timely and valid. 
The Court will subsequently provide the parties with instructions on filing the preliminary conference stipulation. 
Dated: October 31, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.