Bharath v Sitaram (2026 NY Slip Op 00872)

Bharath v Sitaram

2026 NY Slip Op 00872

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-09129
 (Index No. 718137/20)

[*1]David E. Bharath, appellant,
vVirendra Sitaram, respondent. Kerner & Kerner, P.C., New York, NY (Kenneth T. Kerner of counsel), for appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action for a renewal judgment pursuant to CPLR 5014, which was commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 27, 2023. The order granted the defendant's motion (1) pursuant to CPLR 5015(a)(4) to vacate a renewal judgment of the same court entered March 18, 2021, which, upon an order of the same court entered March 2, 2021, granting the plaintiff's unopposed motion for summary judgment in lieu of complaint, is in favor of the plaintiff and against the defendant in the principal sum of $207,490, and (2) pursuant to CPLR 3211(a)(8) to dismiss the action.
ORDERED that the order entered June 27, 2023, is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the renewal judgment and pursuant to CPLR 3211(a)(8) to dismiss the action is denied.
On April 1, 2011, the plaintiff obtained a judgment against the defendant in a personal injury action. The judgment was docketed in the Queens County Clerk's Office on April 1, 2011, thus creating a 10-year lien on the defendant's property (see CPLR 5203[a]).
On October 8, 2020, prior to the expiration of the judgment lien, the plaintiff commenced the instant action for a renewal judgment pursuant to CPLR 5014 by electronically filing a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. On October 16, 2020, the defendant was served by substitute service of the summons, notice of motion for summary judgment in lieu of complaint, and supporting documents upon a person of suitable age and discretion at the defendant's home address pursuant to CPLR 308(2). On October 19, 2020, the defendant was served those same documents by first-class mail to his home address. On October 23, 2020, an affidavit of service was filed.
The motion for summary judgment in lieu of complaint was made returnable on November 20, 2020. Prior to the return date, the Supreme Court administratively adjourned the motion until November 30, 2020. The defendant made no appearance and submitted no papers on or prior to November 30, 2020. In an order entered March 2, 2021, the court granted the plaintiff's unopposed motion for summary judgment. On March 18, 2021, a renewal judgment was entered.
On November 12, 2021, the defendant participated in an examination under oath in connection with the enforcement of the renewal judgment. On September 23, 2022, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the renewal judgment and pursuant to CPLR 3211(a)(8) to dismiss the action. On June 27, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Pursuant to CPLR 5015(a)(4), the "court that rendered a judgment or order may relieve a party from it upon such terms as may be just" (Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d 957, 958), including "upon the ground of . . . lack of jurisdiction to render the judgment or order" (Sams Distribs., LLC v Friedman, 235 AD3d 1021, 1022 [internal quotation marks omitted]).
"'[I]mproper service of a motion provides a complete excuse for default on a motion and deprives the court of jurisdiction to entertain the motion'" (Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940, quoting Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 124-125), and "'the failure to provide a defendant with proper notice of a motion renders the resulting order and judgment entered upon that order nullities, warranting vacatur pursuant to CPLR 5015(a)(4)'" (id., quoting Paulus v Christopher Vacirca, Inc., 128 AD3d at 125).
However, "'[w]hen a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court'" (Deutsche Bank Natl. Trust Co. v Medford, 234 AD3d 669, 671, quoting JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686; see HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856-857; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741).
Here, the defendant made an informal appearance in the action by appearing for the examination under oath in connection with the enforcement of the renewal judgment, which went to the merits of this action. He did so without preserving his jurisdictional defense in a submission to the Supreme Court. Indeed, the defendant did not seek to vacate his default until 10 months after his appearance. Under these circumstances, the defendant waived his jurisdictional objection through his informal appearance (see generally Travelon, Inc. v Maekitan, 215 AD3d 710, 713; Taveras v City of New York, 108 AD3d 614, 617).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the renewal judgment and pursuant to CPLR 3211(a)(8) to dismiss the action.
In light of the foregoing, the parties' remaining contentions need not be reached.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court