■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. NORTH BROADWAY HOLDING CORPORATION et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law to enforce portions of petitioner's order dated May 17, 1971. Application denied, in the exercise of discretion, without costs, and proceeding remitted to the Division for a new hearing. On January 4, 1971, petitioner (hereinafter called the Division) issued a complaint charging respondents, North Broadway Holding Corporation and Milton and Gilbert Frisch, with violating two provisions of a prior conciliation agreement, to wit: not appropriately displaying the Division's housing poster in all their buildings and not sending notice to all of their employees responsible for showing or renting apartments of their intention to comply with the Human Rights Law (Executive Law, art. 15). Subdivision 8 of section 296 of the Executive Law provides that it shall be an unlawful discriminatory practice for any party to a conciliation agreement to violate its terms. Although duly served with notice of hearing, respondents defaulted. Notwithstanding their default, evidence in support of the complaint was taken (Executive Law, § 297, subd. 4, par. b). Upon the evidence adduced at the hearing, respondents were found to have engaged in an unlawful discriminatory practice (i.e., violating the conciliation agreement). As part of the resultant cease and desist order, the Commissioner of the Division imposed certain sanctions upon respondents (Executive Law, § 297, subd. 4, par. c). The Division seeks judicial enforcement of some of those sanctions. Respondents in their answer to the petition and in their supporting papers asked that their default be opened, to enable them to present evidence of compliance with the conciliation agreement. Their affidavits in support of their request reveal that at the time the hearing was conducted Milton Frisch was seriously ill and Gilbert Frisch was concerned with the terminal illness of his daughter. Under these circumstances we are of the opinion that respondents' default should be excused and they should be permitted to submit evidence of their compliance with the technical requirements of the conciliation agreement (Executive Law, § 298). In addition, the record reveals that respondents have raised a meritorious defense to the claim that they violated the agreement. The Division concedes that respondents are now in substantial compliance with the conciliation agreement. These factors should be considered by the Division on

the hearing now directed.   Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.