■ EUROPEAN AMERICAN BANK, Respondent, v STEVEN G. LEGUM, Appellant. [669 NYS2d 595] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 26, 1997, denying the motion of respondent attorney to vacate a default, unanimously reversed, on the law, without costs, and the motion granted, the order and judgment (one paper) of said court and Justice, entered August 21, 1997 and the judgment of said court and Justice, entered September 18, 1997, upon the default, vacated.

In an action for a money judgment brought against the clients of respondent attorney, Steven G. Legum, European American Bank ("EAB") obtained a TRO, an order of attachment and an injunction prohibiting the debtors and their agents from transferring the collateral. Subsequently, in October 1996, EAB was awarded summary judgment against the debtors, and a judgment was entered thereon on November 15, 1996. It is established that Mr. Legum cashed checks drawn on the account of judgment debtor Supreme Credit between July 1996 and November 15, 1996, in the sum of $8,504.

Taking the position that Mr. Legum had failed to comply with a contempt order issued against the judgment debtors in January 1997, EAB sought to commence the instant turnover proceeding against him, seeking to set aside as fraudulent conveyances the transfers totalling $8,504 from his client to himself.

On May 27, 1997, the motion court signed EAB's order to show cause accompanying the turnover petition. The show cause order set a June 2, 1997 return date and required personal service upon Mr. Legum at his Mineola law office on or before May 28, 1997.

Although the process server's affidavit indicated that she personally served Mr. Legum on May 28, 1997, the show cause order with which he was served was improperly conformed, lacking the return date of the petition, the date by which it was to be served and an indication that it had been signed by the Justice. The next day (the day following expiration of the deadline for service of the order to show cause), at 1:45 P.M., EAB's attorney faxed a message to Mr. Legum (which it followed by regular mail), stating that the process server "may have inadvertently included copies of the second and third pages of the order to show cause which were not conformed" and enclosing copies of these two pages, now fully conformed.

Mr. Legum responded by acknowledging receipt of EAB's May 29, post-deadline attempt at supplying a conformed order to show cause, while at the same time advising EAB of his position that, because service had not been effected in compliance with the order to show cause, jurisdiction had not been obtained over him and he had no intention of appearing. He also advised EAB that the process server had committed a criminal trespass. (Notably, his letter was apparently sent by regular mail; it is dated May 30, a Friday, while the return date of June 2 was the following Monday.)

None of this letter exchange was before the motion court on the return date of the order to show cause and accompanying turnover petition. A default judgment was thereafter entered against Mr. Legum for the sum of $8,504, on August 21, 1997.

Thereafter, by affidavit sworn to September 9, 1997, Mr. Legum moved to vacate the default, arguing (as he had done in his letter to EAB) that he had been delivered a copy of the order to show cause that lacked a return date and a signature by the Justice, that this fact had been acknowledged by EAB's fax sent *after* the deadline for personal service set forth in the order to show cause and that therefore jurisdiction over him had never been obtained. Mr. Legum also averred that he had provided full consideration to his clients in the form of legal services, and that, since the transfers to him were not fraudulent, he had a meritorious defense.

In denying vacatur, the motion court held that Mr. Legum had not demonstrated a reasonable excuse for his default. The court found that he had intentionally failed to appear despite

being properly served with the "misconformed" order to show cause and having received actual notice of the return date by fax transmission on May 29. The court also noted that Mr. Legum had waited almost one month after signature of the order to move to vacate the default.

The default should have been vacated. The copy of the show cause order served on Mr. Legum concededly lacked any return date. Under these circumstances, this defect was jurisdictional. " '[T]he mode of service provided for in [an] order to show cause is jurisdictional in nature and must be literally followed' " (*Goldmark v Keystone & Grading Corp.*, 226 AD2d 143, 144, quoting *Matter of Bell v State Univ.*, 185 AD2d 925; *Laino v Cuprum S.A. de C.V.*, 235 AD2d 25).

Nor did the May 29 fax cure the defective delivery. The fax came after the May 28 deadline contained in the order to show cause; the "amendment" could not revive the defective service (*see, Wells v Mount Sinai Hosp. & Med. Ctr.*, 196 AD2d 749).

Since jurisdiction was not obtained over Mr. Legum, neither a reasonable excuse nor a meritorious defense need be demonstrated (*Boorman v Deutsch*, 152 AD2d 48, 51, *lv dismissed* 76 NY2d 889; *European Am. Bank & Trust Co. v Serota*, 242 AD2d 363). Similarly, the absence of jurisdiction renders inapplicable the remaining arguments adopted by the motion court.

Finally, it is noted that EAB could have obviated the difficulty presented by simply seeking a supplemental order to show cause and serving it as directed by the court. Concur— Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.