■ KERWYN WELCH, Appellant, v STATE OF NEW YORK, Respondent. [690 NYS2d 631] —In a claim to recover damages for the defendant's alleged failure to investigate a real estate broker, the claimant appeals from an order of the Court of Claims (Mega, J.), dated April 10, 1998, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate an order of the same court dated October 29, 1996, granting the defendant's motion for summary judgment dismissing the claim upon the claimant's failure to oppose the motion.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the order dated October 29, 1996, is vacated, and the matter is remitted to the Court of Claims for further proceedings in accordance herewith.

On September 17, 1996, the defendant served a motion for summary judgment on the claimant by certified mail, return receipt requested. The motion papers were returned to the defendant as unclaimed on October 4, 1996. The claimant never responded to the motion and, by order dated October 29, 1996, the court granted the defendant's motion for summary judgment dismissing the claim.

Motion papers served upon a *pro se* party by mail must be sent by first class mail (CPLR 2103 [c], [b] [2]; [f] [1]). "Service by mail" means service by ordinary mail (*Matter of Freiberger v O'Toole*, 2 Misc 2d 191, *affd* 2 AD2d 678). Absence of proper service of a motion is a sufficient and complete excuse for a default on a motion and deprives the court of jurisdiction to entertain the motion (*see, Burstin v Public Serv. Mut. Ins. Co.*, 98 AD2d 928; *see also, Golden v Golden*, 128 AD2d 672; *Adames v New York City Tr. Auth.*, 126 AD2d 462).

The service by the defendant of the motion for summary judgment by certified, rather than first-class, mail did not comply with statutory requirements and deprived the court of jurisdiction to entertain the motion, and the resulting order of dismissal was a nullity.

We express no opinion on the merits of the motion for summary judgment. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.