ZAHID ZAIDI, Respondent, v NEW YORK BUILDING CONTRACTORS, LTD., et al., Defendants and Third-Party Plaintiffs-Appellants. LTC ELECTRIC, INC., Third-Party Defendant-Respondent. [877 NYS2d 381]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated April 10, 2008, which denied their motion to vacate their default in appearing at the trial and inquest, to restore the action to the trial calendar, and to vacate a prior order of the same court (Satterfield, J.) dated January 23, 2008, granting, upon reargument, the unopposed motion of the third-party defendant for summary judgment dismissing the fourth cause of action in the third-party complaint.

Ordered that the order dated April 10, 2008 is reversed, on the law, the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was to vacate their default in appearing at the trial and inquest and to restore the action to the trial calendar is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendants were properly served with the third-party defendant's motion for leave to reargue, and there-

after for a new determination of that branch of the defendants' motion which was to vacate the order dated January 23, 2008.

To vacate their default in appearing at the trial and inquest, the defendants were required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Vasquez v New York City Hous. Auth.*, 51 AD3d 781, 782 [2008]; *Conserve Elec., Inc. v Tulger Contr. Corp.*, 36 AD3d 747 [2007]; *Zeltser v Sacerdote*, 24 AD3d 541 [2005]). Although determining what constitutes a reasonable excuse generally lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised (*see McHenry v Miguel*, 54 AD3d 912, 913 [2008]; *Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]; *Matter of Zrake v New York City Dept. of Educ.*, 17 AD3d 603 [2005]).

The Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to vacate their default in appearing at the trial on January 25, 2008 and at the inquest on the issue of damages held on the same date. The defendants presented a reasonable excuse for their default based upon their principal's inability, due to the terminal illness and death of his wife, to retain new trial counsel after former counsel was relieved (*see Du Jour v DeJean*, 247 AD2d 370, 371 [1998]; *Matter of McCaffrey v McCaffrey*, 210 AD2d 409 [1994]; *Matter of State Div. of Human Rights v North Broadway Holding Corp.*, 38 AD2d 856 [1972]). Moreover, the defendants' submissions were sufficient to demonstrate the existence of meritorious defenses (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199 [2007]; *Magnuson v Syosset Community Hosp.*, 283 AD2d 404 [2001]).

Furthermore, the Supreme Court erred in denying that branch of the defendants' motion which was to vacate the prior order dated January 23, 2008, granting, upon reargument, the third-party defendant's unopposed motion for summary judgment dismissing the fourth cause of action in the third-party complaint. Absence of proper service of a motion is a sufficient and complete excuse for a default on a motion and deprives the court of jurisdiction to entertain the motion (*see Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]). The defendants and the third-party defendant submitted conflicting evidence with respect to the issue of whether the third-party defendant's motion for leave to reargue was properly served upon the defendants (*see* CPLR 2103 [b] [2]; [c], [f] [1]; *Welch v State of New York*, 261 AD2d at 538). Accordingly, a

hearing and a new determination are necessary (*see Daulat v Helms Bros., Inc.*, 32 AD3d at 411; *LPN Consulting Corp. v Hamm*, 202 AD2d 479 [1994]; *Sport-O-Rama Health & Fitness Ctr. v Centennial Leasing Corp.*, 100 AD2d 584, 585 [1984]). Mastro, J.P., Fisher, Florio and Eng, JJ., concur.