FINANCIAL SERVICES VEHICLE TRUST, Respondent, v LAW OFFICES OF DUSTIN J. DENTE et al., Defendants, and KATERINA ARVANITAKIS, Appellant. [926 NYS2d 326]—

The defendant Katerina Arvanitakis (hereinafter the appellant) failed to give the plaintiff timely notice of her motion for leave to enter a judgment on her counterclaim against the plaintiff upon its purported default in replying to the counterclaim (*see Bianco v LiGreci*, 298 AD2d 482 [2002]). The plaintiff did not receive at least 13 days' notice, the minimum required for motions served by regular mail (*see* CPLR 2103 [b] [2]; 2214 [b]). Absence of proper service of a motion is a sufficient and complete excuse for a default on a motion, and deprives the court of jurisdiction to entertain the motion (*see* CPLR 5015 [a]

[4]; *Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]). Since the Supreme Court was deprived of jurisdiction to entertain the motion, the resulting order dated February 24, 2010, and the judgment entered upon that order were nullities (*see Bonik v Tarrabocchia*, 78 AD3d 630, 632 [2010]; *Bauerlein v Salvation Army*, 74 AD3d 851, 857 [2010]; *Welch v State of New York*, 261 AD2d at 538; *Golden v Golden*, 128 AD2d 672 [1987]). Accordingly, the plaintiff's motion to vacate both the order dated February 24, 2010, and the judgment was properly granted. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.