■ CROWN WATERPROOFING, INC., Respondent, v TADCO CONSTRUCTION CORP., Appellant. [953 NYS2d 254]—

By order to show cause dated May 3, 2010, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a judgment in favor of the plaintiff and against the defendant in the principal sum of $22,365.22. The defendant did not oppose the motion. However, although the order to show cause directed the plaintiff to serve the order to show cause and supporting papers upon the defendant's attorney on or before 5:00 p.m. on May 3, 2010, the

plaintiff did not properly serve the defendant's attorney within the prescribed time (*see* CPLR 2214 [d]; *Matter of Feldman v Feldman*, 54 AD3d 372 [2008]; *Matter of Kapsis v Kelleher*, 37 AD3d 381 [2007]; *European Am. Bank v Legum*, 248 AD2d 206, 207 [1998]). The absence of proper service of an order to show cause is a sufficient and complete excuse for a default on the motion, and deprives the court of jurisdiction to entertain the motion (*see Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]). Accordingly, the defendant's motion to vacate the order granting those branches of the plaintiff's motion which were pursuant to CPLR 3126 to strike the defendant's answer and for leave to enter a judgment in favor of the plaintiff and against the defendant in the principal sum of $22,365.22 should have been granted (*see* CPLR 5015 [a] [4]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *European Am. Bank v Legum*, 248 AD2d at 207). Since the court was deprived of jurisdiction to entertain the plaintiff's motion, the order entered May 27, 2010, and the judgment entered July 16, 2010, upon that order, were nullities and must be vacated (*see Financial Servs. Veh. Trust v Law Offs. of Dustin J. Dente*, 86 AD3d 532, 533 [2011]; *Bonik v Tarrabocchia*, 78 AD3d 630, 632 [2010]; *Bauerlein v Salvation Army*, 74 AD3d 851, 857 [2010]; *Welch v State of New York*, 261 AD2d at 538).

In light of the foregoing, we need not reach the defendant's remaining contentions. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.