◼ NATIONSTAR MORTGAGE, LLC, Respondent, v ARTHUR H. CHASE III et al., Defendants, and MAURICE OPARAJI, Appellant. [47 NYS3d 407]—

In an action to foreclose a mortgage, the defendant Maurice Oparaji appeals from an order of the Supreme Court, Queens County (Lane, J.), dated May 14, 2015, which granted the plaintiff's motion for summary judgment on the complaint and an order of reference.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint and an order of reference is denied.

The plaintiff commenced this action to foreclose a mortgage on certain real property owned by the defendants Arthur H. Chase III and Cynthia Turner. The defendant Maurice Oparaji (hereinafter the appellant), a subordinate lienholder (*see* RPAPL 1311), was the only defendant who appeared in the action. In March 2014, the plaintiff moved for summary judgment on the complaint and an order of reference. In a memo-

randum decision dated August 1, 2014, the Supreme Court noted that the plaintiff's motion was unopposed and determined that the plaintiff was entitled to an order awarding it summary judgment on the complaint and an order of reference.

In September 2014, the appellant moved, inter alia, in effect, to vacate the memorandum decision dated August 1, 2014, on the ground that he had not been served with the motion papers. In an order dated November 18, 2014, the Supreme Court granted that branch of the appellant's motion, and vacated its memorandum decision dated August 1, 2014. In the November 18, 2014, order, the court determined, among other things, that the plaintiff failed to serve the appellant with its summary judgment motion. The court therefore adjourned the return date of the plaintiff's summary judgment motion to December 22, 2014, and directed the appellant to submit opposition papers by December 15, 2014. Notably, the court did not include a provision in the order requiring the plaintiff to serve the appellant with its summary judgment motion.

The appellant then submitted papers in opposition to the plaintiff's motion for summary judgment, in which he contended, among other things, that he still had not been served with the plaintiff's motion. In its reply papers, the plaintiff submitted a copy of an affidavit of service, notarized on March 19, 2014, indicating that the appellant was served with the motion papers on an unspecified date in March 2014. In the order appealed from, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and an order of reference.

The plaintiff's failure to serve the appellant with its motion for summary judgment on the complaint and an order of reference deprived the Supreme Court of jurisdiction to entertain the motion, and the resulting order granting the plaintiff's motion is a nullity (*see* CPLR 2103, 2211; *Crown Waterproofing, Inc. v Tadco Constr. Corp.*, 99 AD3d 964, 965 [2012]; *Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]). The plaintiff's submission of an affidavit of service notarized on March 19, 2014, did not demonstrate service of the motion papers upon the appellant since it predated the court's order dated November 18, 2014, which had determined that the plaintiff failed to serve the appellant with its motion papers (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Ramanathan v Aharon*, 109 AD3d 529, 530 [2013]). In any event, the affidavit of service was facially

deficient since it did not indicate the date the motion papers were served. Chambers, J.P., Roman, Maltese and Barros, JJ., concur.