In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated September 10, 2015, which denied its motion to vacate an order of the same court dated September 26, 2013, granting the unopposed motion of the defendant Roy S. Whitelock to vacate a judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him.
 

 Ordered that the order dated September 10, 2015, is reversed, on the law, with costs, the plaintiff’s motion is granted, the order dated September 26, 2013, is vacated, and the motion of the defendant Roy S. Whitelock is dismissed.
 

 On May 10, 2007, the plaintiff commenced this action to foreclose a mortgage. According to an affidavit of service by a licensed process server, the defendant mortgagor Roy S. Whitelock (hereinafter the defendant) was served with the summons and complaint pursuant to CPLR 308 (4) on May 19, 2007. The defendant did not appear in the action. On November 19, 2007, an order of reference was entered upon his default, and a judgment of foreclosure and sale was entered in September 2009. Both the order and the judgment were promptly served upon the defendant with notice of entry.
 

 By order to cause dated January 15, 2013, the defendant moved to vacate the judgment of foreclosure and sale. After opposition papers were filed, the defendant failed to appear on the return date of the motion, and the motion was marked off the calendar. On February 20, 2013, the defendant sought another order to show cause to vacate the judgment of foreclosure and sale. The Supreme Court refused to sign the order to show cause, inter alia, because the defendant failed to set forth a sufficient excuse for failing to appear on the return date of his prior motion, and the judgment of foreclosure and sale was more than three years old.
 

 By notice of motion dated July 9, 2013 (hereinafter the July 2013 motion), the defendant moved pursuant to CPLR 317 and 5015 to vacate the judgment of foreclosure and sale, and to dismiss the complaint. The record contains an affidavit of service which states that on “July 9th [no year],” the defense attorneys served a “Verified Answer” — not a notice of motion— upon the plaintiffs counsel. The plaintiff did not oppose the July 2013 motion. In an order dated September 26, 2013, the Supreme Court granted the July 2013 motion upon the plaintiffs default, vacated the judgment of foreclosure and sale, and directed dismissal of the complaint insofar as asserted against the defendant.
 

 By notice of motion dated February 13, 2015, the plaintiff moved to vacate the order dated September 26, 2013. In the affirmation in support, the plaintiffs counsel stated that her office never received the notice of the July 2013 motion. Further, she contended that the affidavit of service, which stated that a “Verified Answer” was served, was defective. In the order appealed from, the Supreme Court denied the plaintiffs motion.
 

 The plaintiffs counsel denied that her office ever received the July 2013 motion papers, and the defendant’s defective affidavit of service did not establish service. Therefore, there was never a default in opposing the motion, and no need to demonstrate a reasonable excuse for the default or a potentially meritorious defense (see Prudence v Wright, 94 AD3d 1073 [2012]). The failure to give the plaintiff timely notice of the motion “deprived the court of jurisdiction to entertain the motion and rendered the resulting order void” (Golden v Golden, 128 AD2d 672, 673 [1987]; see Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964 [2012]; Financial Servs. Veh. Trust v Law Offs, of Dustin J. Dente, 86 AD3d 532 [2011]). A motion on notice is made when it is served (see CPLR 2211), and it was never established that the July 2013 motion was served. Accordingly, the order dated September 26, 2013, must be vacated.
 

 The defendant’s remaining contentions either are without merit or need not be addressed in light of our determination.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.