L & Z Masonry Corp. v Mose (2018 NY Slip Op 08474)





L & Z Masonry Corp. v Mose


2018 NY Slip Op 08474


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-01318
 (Index No. 51826/17)

[*1]L & Z Masonry Corp., appellant,
v
Kiriaki Mose, et al., respondents.


Cohn & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellant.
Speiser & Heinzmann, White Plains, NY (Joseph C. Heinzmann, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 18, 2018. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and granted that branch of the defendants' cross application which was, in effect, to deem their late answer timely served nunc pro tunc.
ORDERED that on the Court's own motion, the appeal from so much of the order as granted that branch of the defendants' cross application which was, in effect, to deem their late answer timely served nunc pro tunc is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On October 21, 2016, the plaintiff filed a mechanic's lien against the defendants' property. On February 8, 2017, the plaintiff commenced this action to foreclose the mechanic's lien. On March 7, 2017, the defendants were served with the summons and complaint pursuant to CPLR 308(4). By notice of ex parte motion dated October 26, 2017, the plaintiff moved for leave to enter a default judgment. After the defendants, who proceeded pro se, served their answer on October 30, 2017, the plaintiff served the defendants with a copy of the motion dated October 26, 2017. In opposition to the plaintiff's motion, the defendants made an informal cross application dated November 3, 2017, inter alia, in effect, to deem their late answer timely served nunc pro tunc. The Supreme Court, among other things, denied the plaintiff's motion for leave to enter a default judgment against the defendants, and granted that branch of the defendants' cross application which was, in effect, to deem their late answer timely served nunc pro tunc. The plaintiff appeals.
On a motion for leave to enter a default judgment against a defendant based on the [*2]failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default (see CPLR 3215[f]; Liberty County Mut. v Avenue I Med., P.C., 129 AD3d 783, 784-785; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651; Triangle Props. # 2, LLC v Narang, 73 AD3d 1030, 1032). To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194). Here, the plaintiff satisfied all of the requirements for demonstrating its entitlement to enter a default judgment (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690; Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC, 65 AD3d 1102).
To successfully oppose the facially adequate motion for leave to enter a default judgment based on their failure to appear or timely serve an answer, the defendants were required to demonstrate a reasonable excuse for their default and the existence of a potentially meritorious defense to the action (see Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d at 1195; Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975). Similarly, to have their late answer deemed timely served nunc pro tunc, the defendants were required to provide a reasonable excuse for their delay in answering and demonstrate a potentially meritorious defense to the action (see CPLR 3012[d]; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d at 1195; Mannino Dev., Inc. v Linares, 117 AD3d 995, 995; Ryan v Breezy Point Coop., Inc., 76 AD3d 523, 524).
The defendants presented a reasonable excuse for their default and the subsequent delay in answering the complaint based upon the illness and death of the mother of the defendant Christopher Scott Mose, the relocation of his elderly father, and the mental health of the defendants' daughter (see Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d 747, 748; Du Jour v DeJean, 247 AD2d 370, 371; Matter of McCaffrey v McCaffrey, 210 AD2d 409; Matter of State Div. of Human Rights v North Broadway Holding Corp., 38 AD2d 856). Furthermore, the defendants' verified answer and supporting evidence were sufficient to demonstrate the existence of a potentially meritorious defense to the action (see CPLR 105[u]; Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d at 748; Whitfield v State of New York, 28 AD3d 541, 542).
Under the circumstances presented here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' cross application which was, in effect, to deem their late answer timely served nunc pro tunc, even in the absence of a formal notice of cross motion seeking that relief (see Gershman v Midtown Moving & Stor., Inc., 123 AD3d at 976; Fried v Jacob Holding, Inc., 110 AD3d 56), and in denying the plaintiff's motion for leave to enter a default judgment against the defendants.
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court