Manko v Gabay (2019 NY Slip Op 06080)





Manko v Gabay


2019 NY Slip Op 06080


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-05177
 (Index No. 22148/13)

[*1]Nella Manko, appellant, 
v
David A. Gabay, etc., et al., defendants, Bernard H. Broome, etc., et al., respondents.


Nella Manko, Brooklyn, NY, appellant pro se.
Law Office of Bernard H. Broome, PLLC (Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), respondent pro se and for respondent Bernard H. Broome.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 8, 2016. The order denied the plaintiff's motion, inter alia, to vacate an order of the same court dated February 23, 2015.
ORDERED that the order dated April 8, 2016, is affirmed, with costs.
We agree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, to vacate an order dated February 23, 2015. CPLR 2211 provides that a "motion on notice is made when a notice of the motion or an order to show cause is served." CPLR 2103(e) provides that "[e]ach paper served on any party shall be served on every other party who has appeared, except as otherwise may be provided by court order or as provided in section 3012 or in subdivision (f) of section 3215." An "appearance" by a defendant in an action is governed by CPLR 320(a) and is accomplished, inter alia, by service of an answer or notice of appearance, or by making a motion which has the effect of extending the time to answer.
As the plaintiff concedes, she failed to serve all parties who have appeared in the action with her motion papers. As such, the Supreme Court was without jurisdiction to entertain her motion (see CPLR 2103, 2211; Nationstar Mtge., LLC v Chase, 147 AD3d 964, 965; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965; Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d 747, 748).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court