MTGLQ Invs., L.P. v White (2020 NY Slip Op 00269)





MTGLQ Invs., L.P. v White


2020 NY Slip Op 00269


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01768
 (Index No. 7316/13)

[*1]MTGLQ Investors, L.P., respondent,
v
Kali D. White, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kali D. White appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 25, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated June 25, 2015, granting the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Kali D. White, to strike that defendant's answer, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Kali D. White, to strike that defendant's answer, and for an order of reference is denied, the answer of the defendant Kali D. White is reinstated, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied as premature, and the order dated June 25, 2015, is modified accordingly.
On February 13, 2007, Kali D. White executed a note in favor of IndyMac Bank, F.S.B., in the sum of $368,000. The note was secured by a mortgage on certain real property in Nassau County. After a series of assignments and a loan modification, the new holder of the note and mortgage, OneWest Bank, FSB (hereinafter OneWest), commenced this action in June 2013, by filing a summons and complaint alleging that White defaulted on the note. White filed an answer to the complaint. On August 28, 2013, the mortgage was assigned by OneWest to Ocwen Loan Servicing, LLC (hereinafter Ocwen).
In October 2014, Ocwen moved, inter alia, for summary judgment on the complaint insofar as asserted against White, to strike his answer, and for an order of reference (hereinafter the summary judgment motion). By order dated June 25, 2015, the Supreme Court granted the unopposed summary judgment motion. In April 2017, following additional assignments of the mortgage, the new holder, MTGLQ Investors, L.P. (hereinafter the plaintiff), moved, inter alia, for a judgment of foreclosure and sale. White opposed the motion, asserting, inter alia, that he never received the summary judgment motion. The court granted the motion and entered an order and judgment of foreclosure and sale on October 25, 2017. White appeals.
"The failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void" (Citimortgage, Inc. v Reese, 162 AD3d 847, 848; see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906, 907; Nationstar Mtge., LLC v Chase, 147 AD3d 964, 965). White's opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale included his attorney's affirmation, wherein his attorney stated that the attorney never received the summary judgment motion. In reply, the plaintiff did not submit an affidavit of service or other proof of service demonstrating that the summary judgment motion had been served on White's counsel. The plaintiff's assertions are insufficient to raise a presumption that White was served with the summary judgment motion (see Davis v New York City Hous. Auth., 172 AD3d 815, 817, Berkowitz v Tolentino, 94 AD3d 797, 797; Bonik v Tarrabocchia, 78 AD3d 630, 632; cf. Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936, 936). At the time White's attorney brought to the Supreme Court's attention that the attorney had not received the motion for summary judgment and, in response, the plaintiff failed to submit any proof of service of the motion, the court was presented with evidence that the order dated June 25, 2015, was a nullity (see Prudence v Wright, 94 AD3d 1073, 1074). Under such circumstances, there was never a default in opposing the motion for summary judgment, and thus, there was no need for White to demonstrate a reasonable excuse or a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d at 907). Accordingly, the Supreme Court should have denied the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and vacated so much of the order dated June 25, 2015, as granted the summary judgment motion (see Citimortgage, Inc. v Reese, 162 AD3d at 848; Wells Fargo Bank, N.A. v Whitelock, 154 AD3d at 907; Nationstar Mtge., LLC v Chase, 147 AD3d at 965).
White's remaining contention has been rendered academic in light of our determination.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court