Lana C. Phillips, Appellant,
against
Aldeberto Almonte, Respondent. 




Lana C. Phillips, appellant pro se.
Aldeberto Almonte, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Louis L. Nock, J.), entered January 9, 2018. The order denied plaintiff's motion to vacate an order of that court (Richard J. Montelione, J.) entered October 4, 2017 granting defendant's unopposed motion to deem a judgment of that court entered July 30, 2015 fully satisfied.




ORDERED that the order entered January 9, 2018 is reversed, without costs, plaintiff's motion to vacate the order entered October 4, 2017 is granted, and defendant's motion to deem the judgment entered July 30, 2015 fully satisfied is denied.
Plaintiff commenced this small claims action to recover the sum of $2,000 for, among other things, property damage resulting from an automobile accident. On July 30, 2015, after a nonjury trial, a judgment was entered awarding plaintiff the principal sum of $1,800. In September 2017, defendant moved by order to show cause to have the judgment marked satisfied. Plaintiff failed to submit opposing papers or appear on the return date of the motion, and, by order entered October 4, 2017, the Civil Court granted defendant's motion on default and deemed the judgment fully satisfied.
In December 2017, plaintiff moved to vacate the October 4, 2017 order and, upon such vacatur, to restore the proceeding to the calendar. In her supporting affidavit, plaintiff stated, "I did not receive the funds in the final judgment issued. I was not informed that a court case was taking place to determine whether or not a judgment was satisfied." By order entered January 9, 2018, the Civil Court denied plaintiff's motion. 
In support of her motion to vacate, plaintiff denied receipt of defendant's motion to deem the judgment satisfied, which motion resulted in the October 4, 2017 default order. In the order to show cause authorizing service of defendant's motion to deem the judgment satisfied, the Civil Court provided for service by "overnight mail [and] sign[ature] req[uired]." Defendant, however, [*2]has failed to provide a signed receipt demonstrating that plaintiff had been served with those motion papers. "[T]he mode of service provided for in [an] order to show cause is jurisdictional in nature and must be literally followed" (Matter of Bell v State Univ. of NY at Stony Brook, 185 AD2d 925, 925 [1992]; see Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 580 [2006]; Laino v Cuprum S.A. de C.V., 235 AD2d 25, 32 [1997]; see also European Am. Bank v Legum, 248 AD2d 206, 207 [1998]). The failure to give proper notice of a motion deprives the court of jurisdiction to hear the motion (see Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965 [2012]; Bianco v LiGreci, 298 AD2d 482 [2002]). Consequently, defendant's motion to deem the judgment satisfied was never properly before the Civil Court and thus, plaintiff's motion to vacate the October 4, 2017 order should have been granted.
Accordingly, the order entered January 9, 2018 is reversed, plaintiff's motion to vacate the order entered October 4, 2017 is granted, and defendant's motion to deem the judgment entered July 30, 2015 fully satisfied is denied.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020