Wilmington Sav. Fund Socy., FSB v Sheikh (2020 NY Slip Op 02823)





Wilmington Sav. Fund Socy., FSB v Sheikh


2020 NY Slip Op 02823


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-13031
2017-13032
 (Index No. 16427/10)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Shahzad Sheikh, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shahzad Sheikh appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 11, 2017, and (2) a judgment of foreclosure and sale of the same court also entered September 11, 2017. The order granted the plaintiff's motion for a judgment of foreclosure and sale and denied the cross motion of the defendant Shahzad Sheikh pursuant to CPLR 5015 to vacate an order of the same court entered October 3, 2016, granting the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order entered September 11, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendant Shahzad Sheikh which was pursuant to CPLR 5015 to vacate the order entered October 3, 2016, is granted, and the order entered September 11, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Shahzad Sheikh.
The appeal from the order entered September 11, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In this mortgage foreclosure action, the plaintiff moved, inter alia, for summary [*2]judgment on the complaint insofar as asserted against the defendant Shazad Sheikh (hereinafter the defendant) and for an order of reference. In an order entered October 3, 2016, the Supreme Court granted the motion upon the defendant's default in opposing it. Thereafter, the plaintiff moved for a judgment of foreclosure and sale, and the defendant cross-moved pursuant to CPLR 5015 to vacate the order entered October 3, 2016, and pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute. In an order entered September 11, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale also entered September 11, 2017, the court, inter alia, directed the sale of the subject property. The defendant appeals.
We agree with the defendant that the Supreme Court should have granted that branch of his cross motion which was pursuant to CPLR 5015 to vacate the order entered October 3, 2016, because he was not served with the plaintiff's motion for summary judgment and for an order of reference. CPLR 2211 provides that "[a] motion on notice is made when a notice of the motion or an order to show cause is served." Additionally, CPLR 2103(b) provides, in relevant part, that "papers to be served upon a party in a pending action shall be served upon the party's attorney," and such service may be made by mailing the papers to the attorney "at the address designated by that attorney for that purpose" (CPLR 2103[b][2]).
Here, in support of his cross motion, the defendant established that the plaintiff failed to properly serve its motion for summary judgment and for an order of reference because the plaintiff mailed the motion papers to an incorrect address for the defendant's counsel, resulting in the defendant's lack of notice of the motion. In opposition, the plaintiff merely speculated that the motion papers may have been forwarded to the defendant's counsel by the U.S. Postal Service, or that counsel may have otherwise received notice of the motion. Given that defective service of the motion was established (see generally Matter of Community Hous. Improvement Program v Commissioner of Labor, 166 AD3d 1135, 1137; Jagmohan v City of New York, 14 AD3d 491, 492), the defendant was not obligated to demonstrate a reasonable excuse for the default or a potentially meritorious defense (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906, 907). Moreover, the failure to give the defendant timely notice of the motion deprived the Supreme Court of jurisdiction to entertain the motion and rendered the resulting order entered October 3, 2016, void (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d at 907; Nationstar Mtge., LLC v Chase, 147 AD3d 964, 965; Golden v Golden, 128 AD2d 672, 673).
Accordingly, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale and should have granted that branch of the defendant's cross motion which was pursuant to CPLR 5015 to vacate the order entered October 3, 2016.
However, we agree with the Supreme Court's determination, under all of the attendant circumstances of the case, to deny that branch of the defendant's cross motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute (see Altman v Donnenfeld, 119 AD3d 828; Ramon v Zangari, 116 AD3d 753; Davis v Goodsell, 6 AD3d 382).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court