Freedom Chiropractic, P.C., as Assignee of Dejean, Ludmilla, Appellant, 
against
21st Century Insurance Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Bryan M. Rothenberg and Argyria A.N. Keltagias of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered June 29, 2018. The order granted defendant's motion (1) to vacate an order of that court (Michael Gerstein, J.) entered November 29, 2017 granting plaintiff's unopposed motion for the entry of a judgment based on defendant's alleged failure to answer the complaint, (2) to, in effect, vacate the judgment entered March 1, 2018 pursuant to the November 29, 2017 order, and (3) upon such vacatur, to grant defendant summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on June 22, 2017 to recover assigned first-party no-fault benefits for services provided to Ludmilla Dejean, who was injured in a motor vehicle accident on or about June 7, 2011. The record contains an answer by defendant 21st Century Insurance Company (21st Century), along with an affidavit signed on July 21, 2017, attesting to service of the answer upon plaintiff's attorneys by mail on July 21, 2017. On November 20, 2017, plaintiff served a motion seeking the entry of a default judgment on the ground that plaintiff had not received an answer from defendant. By order entered November 29, 2017, the return date of plaintiff's motion, the Civil Court (Michael Gerstein, J.) granted the motion, finding, among other things, that defendant had "failed to appear for and answer the calendar call on the return date of the motion [and] to submit any opposition." A default judgment was entered on March 1, 2018, pursuant to the November 29, 2017 order, awarding plaintiff the principal sum of $527.54.
In April 2018, defendant moved to vacate the November 29, 2017 order and, in effect, the [*2]judgment entered pursuant thereto and, upon such vacatur, for summary judgment dismissing the complaint on the ground that plaintiff's action is precluded by an order of the Supreme Court, New York County, dated June 3, 2014, granting a motion by 21st Century for a default judgment against Freedom Chiropractic, P.C. and its assignor, Ludmilla Dejean, declaring, insofar as is relevant to the case at bar, that 21st Century is not obligated to reimburse Freedom Chiropractic, P.C. and its assignor for claims arising out of the June 7, 2011 accident, and that the applicable insurance policy is null and void with respect to that accident. Defendant also presented a judgment that was entered on July 21, 2017 in the Supreme Court, New York County, making the same declarations as were made in the June 3, 2014 order as to the parties' rights. Plaintiff opposed defendant's motion in the Civil Court. By order entered June 29, 2018, the Civil Court (Richard J. Montelione, J.) granted defendant's motion and awarded defendant summary judgment dismissing the complaint.
As plaintiff acknowledges on appeal, defendant argued that defendant "did not receive at least 13 days' notice [of plaintiff's motion for leave to enter a default judgment], the minimum required for motions served by regular mail (see CPLR 2103 [b] [2]; 2214 [b]). Absence of proper service of a motion is a sufficient and complete excuse for a default on a motion, and deprives the court of jurisdiction to entertain the motion" (Financial Servs. Veh. Trust v Law Offs. of Dustin J. Dente, 86 AD3d 532, 532-533 [2011]; Bianco v LiGreci, 298 AD2d 482, 482 [2002]). As the Civil Court was deprived of jurisdiction, the November 29, 2017 order and the March 1, 2018 judgment entered pursuant thereto were nullities (see Financial Servs. Veh. Trust, 86 AD3d at 533).
In any event, defendant has demonstrated an excusable default and a meritorious defense to the action. By virtue of the Supreme Court's declaratory judgment, there has been a conclusive determination of the merits of the claim in question (see Bayer v City of New York, 115 AD3d 897 [2014]; Panagiotou v Samaritan Vil., Inc., 88 AD3d 779 [2011]; Methal v City of New York, 50 AD3d 654 [2008]). In view of the foregoing, the Civil Court properly granted defendant's motion, and we do not reach the parties' remaining arguments.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 5, 2020