Matter of Brooks v Pierre (2021 NY Slip Op 02387)





Matter of Brooks v Pierre


2021 NY Slip Op 02387


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-02267
 (Docket No. F-10605-05/05A)

[*1]In the Matter of Benjamin P. Brooks, appellant,
v
Natasha Pierre, respondent.


Benjamin P. Brooks, Freeport, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated January 14, 2020. The order denied the father's objections to an order of the same court (Jennifer Ann Mendelsohn, S.M.) dated October 22, 2019, which, in effect, denied his motion pursuant to CPLR 5015(a) to vacate, in effect, (1) a money judgment of the same court (Barbara Lynaugh, H.E.) entered November 26, 1997, which, upon a support order of the same court entered November 26, 1997, is in favor of the Suffolk County Department of Social Services and against the father in the principal sum of $10,234 for child support arrears, (2) a money judgment of the same court (Barbara Lynaugh, H.E.) also entered November 26, 1997, which, upon the support order entered November 26, 1997, is in favor of the Nassau County Department of Social Services and against him in the principal sum of $8,814 for child support arrears, and (3) an order of support of the same court (Barbara Lynaugh, H.E.) dated July 7, 1995.
ORDERED that the order dated January 14, 2020, is affirmed, without costs or disbursements.
Under the circumstances of this case, the Family Court properly denied the father's objections to the order dated October 22, 2019, because he failed to establish that he served a copy of his motion to vacate, in effect, the money judgments, both entered November 26, 1997, and the order dated July 7, 1995, upon the mother (see generally Wilmington Sav. Fund Socy., FSB v Sheikh, 183 AD3d 783, 785; Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906, 907-908; Matter of Mayra L. v Jose Ramon M., 132 AD3d 553, 554; Zaidi v New York Bldg. Contrs., Ltd., 61 AD3d 747, 748; Golden v Golden, 128 AD2d 672, 673).
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court