Bank of N.Y. Mellon v Levinson (2024 NY Slip Op 04188)

Bank of N.Y. Mellon v Levinson

2024 NY Slip Op 04188

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-04418
2022-04419
 (Index No. 612542/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Harold Levinson, etc., et al., defendants, DH Group Holdings, Inc., intervenor-appellant.

Paula A. Miller, P.C., Smithtown, NY, for intervenor-appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, DH Group Holdings, Inc., appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 30, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered April 8, 2022. The order, insofar as appealed from, upon granting that branch of the cross-motion of DH Group Holdings, Inc., which was for leave to intervene in the action as a defendant, denied that branch of the cross-motion of DH Group Holdings, Inc., which was for leave to renew that branch of the motion of its predecessor in interest which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court dated April 9, 2018, and granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated March 30, 2022, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order dated March 30, 2022, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to DH Group Holdings, Inc.
The appeal from the order dated March 30, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On July 28, 2006, the defendant Harold Levinson (hereinafter the borrower) executed a note in the sum of $1.235 million in favor of Countrywide Bank, N.A. (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Suffolk County.
In 2007, Countrywide commenced an action to foreclose the mortgage against the borrower, among others (hereinafter the 2007 foreclosure action). The complaint stated, inter alia, that the "[p]laintiff elects to call due the entire amount of the mortgage." In an order dated May 23, 2016, the Supreme Court, among other things, granted the borrower's cross-motion to dismiss the complaint insofar as asserted against him on the ground that Countrywide lacked standing.
In June 2017, the plaintiff, Countrywide's successor in interest, commenced the instant action to foreclose the mortgage against the borrower and the defendant Board of Directors of Country Pointe at Dix Hills Homeowners Association, Inc. (hereinafter the HOA), among others. The HOA moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground, inter alia, that it was time-barred. In an order dated April 9, 2018, the Supreme Court, inter alia, denied that branch of the HOA's motion which was to dismiss the complaint insofar as asserted against it.
In February 2020, the plaintiff moved for summary judgment on the complaint insofar as asserted against the borrower and related defendants, for leave to enter a default judgment against the nonanswering defendants, and for an order of reference. The plaintiff's notice of motion did not seek summary judgment on the complaint insofar as asserted against the HOA. In an order dated April 13, 2021, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due on the note.
On September 21, 2021, the HOA conveyed its interest in the subject property to DH Group Holdings, Inc. (hereinafter the intervenor).
In October 2021, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The intervenor cross-moved for leave to intervene in the action as a defendant and for leave to renew that branch of the motion of the HOA, its predecessor in interest, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The intervenor argued that there had been a change in the law. The intervenor also argued that those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale should be denied on the ground that the plaintiff never obtained summary judgment on the complaint insofar as asserted against the HOA.
In an order dated March 30, 2022, the Supreme Court, inter alia, granted that branch of the intervenor's cross-motion which was for leave to intervene in the action as a defendant, and denied that branch of its cross-motion which was for leave to renew that branch of the HOA's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order and judgment of foreclosure and sale entered April 8, 2022, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The intervenor appeals.
The Supreme Court properly denied that branch of the intervenor's cross-motion which was for leave to renew that branch of the motion of its predecessor in interest which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the evidence demonstrated that the 2007 foreclosure action was dismissed based upon an expressed judicial determination that Countrywide lacked standing, and thus, the commencement of that action did not accelerate the mortgage note (see CPLR 213[4][a]; U.S. Bank N.A. v Marrero, 221 AD3d 631, 632). The intervenor failed to demonstrate that there had been a change in the law that would have changed the prior determination (see CPLR 2221[e]).
Nevertheless, the order and judgment of foreclosure and sale must be reversed insofar as appealed from. To be entitled to a judgment of foreclosure and sale against a defendant, a plaintiff must first establish entitlement to judgment against that defendant via a summary judgment motion or a motion for leave to enter a default judgment, or at trial (see generally Christiana Trust v Rashid, 228 AD3d 822, 824-825; MTGLQ Invs., L.P. v White, 179 AD3d 790). Here, the record demonstrates that the plaintiff neither sought nor obtained summary judgment or leave to enter a default judgment against the HOA, the intervenor's predecessor in interest, nor was a trial held against the HOA. The plaintiff's argument that the intervenor is not aggrieved by the order and judgment of foreclosure and sale is without merit, as the intervenor opposed the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale on this specific ground (see Mixon v TBV, Inc., 76 AD3d 144, 156-157).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, we reverse the order and judgment of foreclosure and sale insofar as appealed from and deny those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court