U.S. Bank Trust, N.A. v Johnson (2022 NY Slip Op 00331)





U.S. Bank Trust, N.A. v Johnson


2022 NY Slip Op 00331


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-05648
 (Index No. 304/14)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Jean P. Johnson, etc., et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Mehmet Basoglu of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jean P. Johnson and John Johnson appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 26, 2019. The order denied those defendants' motion pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered May 18, 2017, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of attorneys' fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Jean P. Johnson and John Johnson which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale entered May 18, 2017, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants Jean P. Johnson and John Johnson.
The plaintiff's predecessor in interest, Citimortgage, Inc. (hereinafter Citimortgage), commenced this mortgage foreclosure action in January 2014. The defendants Jean P. Johnson and John Johnson (hereinafter together the defendants) interposed an answer to the complaint.
Thereafter, Citimortgage moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered May 12, 2015, the Supreme Court granted the motion. As relevant here, the plaintiff subsequently moved, inter alia, for leave to amend the caption to substitute itself as the plaintiff and for a judgment of foreclosure and sale. The court granted that motion without opposition, and entered an order and judgment of foreclosure and sale on May 18, 2017.
The defendants then moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and an award of attorney's fees. In an order entered April 26, 2019, the Supreme Court denied the defendants' motion. The defendants appeal.
The "failure to give a party proper notice of a motion deprives the court of jurisdiction [*2]to entertain the motion and renders the resulting order void" (Citimortgage, Inc. v Reese, 162 AD3d 847, 848; see CPLR 2103[b]; U.S. Bank NA v Nakash, 195 AD3d 651). Here, in support of their motion, inter alia, to vacate the order and judgment of foreclosure and sale, the defendants established that the plaintiff did not serve them with its motion, among other things, for a judgment of foreclosure and sale. In opposition to the defendants' motion, the plaintiff produced no proof of service of that motion. Under these circumstances, the Supreme Court erred in denying that branch of the defendants' motion which was to vacate the order and judgment of foreclosure and sale (see U.S. Bank NA v Nakash, 195 AD3d 651; Wilmington Sav. Fund. Socy., FSB v Sheikh, 183 AD3d 783, 784-785; MTGLQ Invs., LP v White, 179 AD3d 790, 791; Wilmington Sav. Fund Socy., FSB v Hakam, 170 AD3d 924, 925).
However, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was for the imposition of sanctions and for an award of attorney's fees, as the record does not show that the plaintiff engaged in frivolous conduct (see 22 NYCRR § 130-1.1).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court