Wilmington Trust N.A. v Borukhov (2025 NY Slip Op 06637)

Wilmington Trust N.A. v Borukhov

2025 NY Slip Op 06637

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-00086
 (Index No. 9787/09)

[*1]Wilmington Trust National Association, etc., respondent, 
v
Alex Amner Borukhov, appellant, et al., defendants.

Alex Amner Borukhov, Great Neck, NY, appellant pro se.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alex Amner Borukhov appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated November 7, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Thomas A. Adams, J.) entered March 24, 2015, granting the unopposed motion of the plaintiff's predecessor in interest for leave to renew its prior motion, inter alia, for summary judgment on the complaint, which had been denied in an order of the same court (Thomas A. Adams, J.) entered June 24, 2014, and, upon renewal, granting the prior motion, and, thereupon, to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered November 29, 2017.
ORDERED that the order dated November 7, 2022, is affirmed insofar as appealed from, with costs.
In June 2007, the defendant Alex Amner Borukhov (hereinafter the defendant) executed a note in the principal sum of $991,250, which was secured by a mortgage on certain real property located in Great Neck. In May 2009, the plaintiff's predecessor in interest commenced this action to foreclose the mortgage against the defendant, among others. In July 2009, the defendant interposed an answer. In January 2013, the Supreme Court granted the motion of the defendant's counsel to withdraw as counsel. In March 2014, the plaintiff's predecessor in interest moved, inter alia, for summary judgment on the complaint. In an order entered June 24, 2014, the court denied the motion.
By judgment of the United States District Court for the Eastern District of New York rendered in May 2014, the defendant was convicted of conspiracy to commit wire fraud in violation of, inter alia, 18 USC § 1349 and sentenced to a term of imprisonment of 57 months in federal prison. In August 2014, the plaintiff's predecessor in interest moved for leave to renew its prior motion, among other things, for summary judgment on the complaint (hereinafter the August 2014 motion), which the defendant did not oppose. In an order entered March 24, 2015, the Supreme Court granted renewal and, upon renewal, granted the prior motion. On March 20, 2017, a referee issued a report computing the amount due to the plaintiff's predecessor in interest, and on November 29, 2017, the Supreme Court entered an order and judgment of foreclosure and sale.
In July 2022, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) [*2]to vacate the order entered March 24, 2015, and, thereupon, the order and judgment of foreclosure and sale. The plaintiff opposed. In an order dated November 7, 2022, the Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.
The "'failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void'" (Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018, quoting U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842).
Contrary to the defendant's contention, service of the August 2014 motion complied with CPLR 2103(c). The record demonstrates that the defendant was served with the August 2014 motion and the March 24, 2015 order at the subject property, and the defendant failed to establish that this was not his last known address at the time of service (see id. § 2103[b], [c]). While the defendant established that the plaintiff's predecessor in interest was aware that he was incarcerated at a Federal Correctional Institute as of June 2015 and, thus, residing at a different address than that of the subject property, the August 2014 motion and corresponding order granting that motion were issued in advance of that date. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the order entered March 24, 2015, and, thereupon, the order and judgment of foreclosure and sale (see Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d at 1018).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court