Wells Fargo Bank, N.A. v 16th St. Regency, LLC (2026 NY Slip Op 01553)

Wells Fargo Bank, N.A. v 16th St. Regency, LLC

2026 NY Slip Op 01553

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-00142
 (Index No. 10493/10)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v16th Street Regency, LLC, et al., respondents, et al., defendants.

Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa and Christopher Villanti of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 12, 2023. The order, insofar as appealed from, granted those branches of the cross-motion of the defendants 16th Street Regency, LLC, Nathan Hirsch, and Benjamin Mutzen which were to dismiss the complaint insofar as asserted against them and pursuant to CPLR 6514(a) to vacate and cancel all notices of pendency filed in the action and denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(4) to vacate its default in opposing those defendants' cross-motion and for leave to extend its time to file opposition papers to those defendants' cross-motion.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(4) to vacate its default in opposing the cross-motion of the defendants 16th Street Regency, LLC, Nathan Hirsch, and Benjamin Mutzen and for leave to extend its time to file opposition papers to those defendants' cross-motion are granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In April 2010, the plaintiff commenced this action against, among others, 16th Street Regency, LLC (hereinafter Regency), Nathan Hirsch, and Benjamin Mutzen (hereinafter collectively the defendants) to foreclose a mortgage on certain property located in Brooklyn.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Hirsch and Mutzen, to strike those defendants' answers, for leave to enter a default judgment against Regency, and for an order of reference. In an order entered September 4, 2013, the Supreme Court, among other things, granted the plaintiff's motion. In April 2023, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale.
On May 9, 2023, counsel for the plaintiff and counsel the defendants executed a stipulation and consent to e-filing, which provided, among other things, that the parties consented [*2]to the use of the New York State Courts Electronic Filing System in this matter.
In June 2023, the defendants cross-moved, inter alia, to dismiss the complaint insofar as asserted against them based upon the plaintiff's failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8, by failing to file a motion for a judgment of foreclosure and sale within one year of entry of the order of reference, and pursuant to CPLR 6514(a) to cancel all notices of pendency filed in the action. The plaintiff failed to oppose the cross-motion.
In August 2023, the plaintiff moved, among other things, pursuant to CPLR 5015(a)(4) to vacate its default in opposing the defendants' cross-motion, arguing that it was never served with the notice of cross-motion and, therefore, the Supreme Court lacked jurisdiction to entertain the cross-motion. In addition, the plaintiff moved for leave to extend its time to file opposition papers to the defendants' cross-motion. In an order dated October 12, 2023, the court, inter alia, granted those branches of the defendants' cross-motion which were to dismiss the complaint insofar as asserted against them and pursuant to CPLR 6514(a) to cancel all notices of pendency filed in the action and denied those branches of the plaintiff's motion. The plaintiff appeals.
"The 'failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void'" (U.S. Bank Trust, N.A. v Johnson, 201 AD3d 841, 842, quoting Citimortgage, Inc. v Reese, 162 AD3d 847, 848).
Pursuant to 22 NYCRR 202.5-b(f)(2)(ii), "[a]n e-filing party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically." Further, "[t]he electronic transmission of the notification shall constitute service of the document on the e-mail service addresses identified therein; however, such service will not be effective if the filing party learns that the notification did not reach the address of the person to be served" (id.).
Here, the record reflected that the defendants' counsel e-filed the defendants' cross-motion on June 16, 2023. It is undisputed, however, that the plaintiff did not receive an electronic notification of the filing of the defendants' cross-motion, which would have constituted service of the cross-motion upon the plaintiff (see id.). Moreover, the plaintiff's counsel advised the defendants' counsel that she did not receive an email notification of the filing (see id.). Thus, the plaintiff established that it was not served with the defendants' cross-motion, which deprived the Supreme Court of jurisdiction to entertain the cross-motion (see U.S. Bank Trust, N.A. v Johnson, 201 AD3d at 842).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were pursuant to CPLR 5015(a)(4) to vacate its default in opposing the defendants' cross-motion and for leave to extend its time to file opposition papers to the defendants' cross-motion. We remit the matter to the Supreme Court, Kings County, to establish a schedule for the defendants to serve the plaintiff with their cross-motion and the submission of opposition and reply papers to the defendants' cross-motion, and thereafter for a new determination of those branches of the defendants' cross-motion which were to dismiss the complaint insofar as asserted against the defendants and pursuant to CPLR 6514(a) to vacate and cancel all notices of pendency filed in the action.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court